## THE PEOPLE v. VERNIE CREGO.

*Criminal law—Rape—Charge to jury.*

The charge of the court (see opinion) is held to be free from error, whether the prosecutrix was under or over 14 years of age, and the conviction is affirmed.

Error to Lenawee. (Howell, J.) Argued April 25, 1888. Decided May 18, 1888.

Respondent was convicted of rape, and sentenced to State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*H. C. Smith,* for respondent.

*Moses Taggart,* Attorney General, and *D. B. Morgan,* Prosecuting Attorney, for the people.

SHERWOOD, C. J. The respondent and one Inglehart were informed against in the circuit court for the county of Lenawee for the crime of rape committed upon a girl about fourteen years of age. The respondent took a separate trial, under the statute, and was convicted and sentenced to imprisonment at Jackson for the period of five years. He now brings error, and alleges that the circuit judge should have excluded certain testimony objected to by defendant's counsel, and should have admitted some testimony that was excluded; and that some remarks were made by the circuit judge in the presence of the jury prejudicial to his case, and which are obnoxious to the previous rulings of this Court.

The record has been inspected as to all the exceptions taken to the rulings of the court upon these objections, and we find none of them well taken.

At the close of the trial the court made, among others, the following charges to the jury, all of which are excepted to by counsel for respondent:

"1. The jury must be satisfied the connection was had by force, against the will of the prosecutrix, and that there was the utmost reluctance and resistance on her part; otherwise, they must acquit the defendant.

"2. If the jury have any reasonable doubt as to whether the complaining witness made as much resistance as she could have done, either by physical resistance or outcry, then they must acquit.

"3. In determining the question as to whether the complaining witness made her utmost resistance to the connection charged, it is the duty of the jury to take into consideration all the circumstances as given to them by the testimony, the age of the girl, as well as the age of the boy, and the place where the offense is said to have been committed.

"4. There does not seem to be any question made here but that the young man had sexual intercourse with the girl;

but the question is whether he did it under such circumstances as would amount to rape. Therefore I repeat again that the offense of rape consists in having carnal knowledge and connection with the girl by force and against her will.

" And in determining in your own minds, from the evidence, as to whether the act charged here, that is, the carnal intercourse, was with force and against her will, the jury should take into consideration all the testimony in the case. You should consider the age of the girl, and the age of the boys, if there is any testimony here in regard to their age, and the place where the offense was said to have been committed. And, in determining whether it was done with force or not, you are to take into consideration the testimony with regard to Crego's taking her by the shoulders, and pulling her over backwards on the ground; the testimony in regard to the tearing of her clothes, the tearing of her drawers, and the manner of getting her drawers off; and the testimony as to what Crego said about her getting her legs over his back to prevent him, and as to what he said he did to her private parts, and about hitting her under the chin to make her lie still; and the testimony as to the other boy holding her hands or hand, to enable him to accomplish his purpose.

" You are also to consider her testimony as to whether the intercourse was with her consent or not, and what she says about their forcing her onto the ground, and holding her hands, and the manner of getting off her drawers, and her testimony as to tearing off the cloak and drawers, and her objecting and entreating him not to do it, and of her efforts to keep her clothes down, and her struggles and kicking to prevent him.

" 5. As to the commission of the crime of rape, as was said to you by counsel for defendant in the argument, it does not make any difference even if the girl had been unchaste before. Every woman, no matter how far she may have stepped aside from virtue, has a right to return to that path, and, if she desires to follow in the path of rectitude, to be protected by the law. And it would be as much a rape to force a woman to have carnal, sexual intercourse against her will, and by force, if she had done wrong at some time, as it would to commit the same offense upon a virtuous woman. The law seeks to protect a woman in endeavoring to do that which is right, and live a proper life.

" I speak of this, because some testimony was called out with a view, perhaps, of throwing some discredit upon the character of the girl prior to this transaction. As to what

70 MICH. 21.

that amounts to, why, that is for you to consider. I should say this, however: That if the girl had followed a dissolute life, and been guilty of having sexual intercourse with boys as often as opportunity offered, here and there, you would have a right to take that into consideration in coming to your conclusion as to whether the connection in this case was had against her will or not. But whether she was chaste or otherwise, if at this time, and on this occasion, the connection was forced with her against her consent, and against her will, by force, that is rape and the law so regards it."

Of these charges it need only be said they contain nothing of which the respondent can legally make complaint, whether the prosecutrix was under or over 14 years of age.

The judgment must be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.