## PEOPLE *v.* CALHOUN

1. TRIAL—OPENING STATEMENT—WAIVER—CONSENT—COURT RULES.

   Opening statements at trial may be waived with the consent of the court and of opposing counsel (GCR 1963, 507.1).

2. APPEAL AND ERROR—TRIAL—PROSECUTION STATEMENT—WAIVER—FAILURE TO OBJECT.

   A defendant cannot object for the first time on appeal to a trial court waiver of the prosecution's opening statement even though his consent to that waiver was not requested, where he allowed his case to proceed through trial, conviction, sentence, and motion for a new trial before raising issue (GCR 1963, 507.1).

3. APPEAL AND ERROR—TRIAL—PRESERVING QUESTION—OBJECTIONS—MISCARRIAGE OF JUSTICE.

   A defendant has the duty to make timely objections in the trial record; the Court of Appeals will not consider any defense objections which are raised for the first time on appeal unless there is a showing that justice has miscarried.

4. CRIMINAL LAW—INDECENT LIBERTIES—EVIDENCE—SUFFICIENCY.

   Defendant's guilt beyond a reasonable doubt of taking indecent liberties with a child under 16 years was established where, in addition to the sometimes inconsistent testimony of two infants under 10 years, an adult testified to defendant's presence at the scene of the crime and to the partially undressed appearance of his victim (MCLA § 750.336).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 454.
[2, 3] 5 Am Jur 2d, Appeal and Error § 571.
[4] 42 Am Jur 2d, Infants § 16.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J.   Submitted Division 1 October 16, 1969, at Detroit.   (Docket No. 6,569.)   Decided October 28, 1969.

Robert Calhoun was convicted of taking indecent liberties with a child under 16 years.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Gottlieb & Eason,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Danhof, JJ.

Per Curiam.   Defendant was tried by the court upon waiver of jury trial and was convicted of taking indecent liberties with a child under 16 years contrary to MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).

· Defendant's first assignment of error is that the trial court waived the prosecutor's opening statement without first obtaining the consent of the defendant.   GCR 1963, 507.1.   Before the testimony of the prosecution's first witness, the following exchange occurred:

"*Mr. Schwartz:* The defendant is ready.

"*Mr. Harrison:* The people are ready, your Honor.

"*The Court:* All right. Let's start.

"*Mr. Harrison:* Does the court wish an opening statement?

"*The Court:* No".

The prosecutor then commenced his **proofs.**

GCR 1963, 507.1 provides that:

"Before the introduction of any evidence, the attorney for the party who is to commence the evidence shall make a full and fair statement of his case and the facts he intends to prove. Immediately, thereafter, or immediately prior to the introduction of evidence by the adverse party, the attorney for the adverse party shall make a like statement. The opening statements may be waived with the consent of the court and opposing counsel."

In this case the defendant was not requested to consent to a waiver of the opening statement. However, he did not object to the waiver of an opening statement by the trial court. Instead, the defendant allowed the case to proceed through trial, conviction, sentence and motion for a new trial before raising the issue. It is the duty of the defense to make timely objections in the trial record. Unless there is a showing that justice miscarried, this Court will not consider such objections when not raised until appeal. *People* v. *Willis* (1965), 1 Mich App 428. The Court finds nothing in the record to indicate a miscarriage of justice.

Defendant next contends that the evidence failed to establish guilt beyond a reasonable doubt. Two of the witnesses in this case were infants below the age of ten years, and some inconsistency does appear in their testimony. However, an adult witness also testified to the defendant's presence at the scene of the crime and to the partially undressed appearance of the victim.

Reviewing the record, we find there was sufficient evidence, if believed, for the trial court to find the defendant guilty beyond a reasonable doubt. *People* v. *Geddes* (1942), 301 Mich 258.

Affirmed.