### PEOPLE *v.* DEMARS.

1. CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   A requirement for a new trial on the ground of newly-discovered evidence is that the party could not, with reasonable diligence, have discovered and produced the evidence at the trial.

2. SAME — TESTIMONY OF KNOWN WITNESSES NOT NEWLY-DISCOVERED.
   In a prosecution for statutory rape, where the prosecutrix testified that the offense was committed in a certain vacant store at a certain time, as charged in the information, proposed testimony by the lessee that the store was not vacant at the time, and by defendant's employer that defendant worked at the factory all of said day, was not newly-discovered, since both the lessee and the employer were known and might have been produced on the trial.

3. RAPE—STATUTORY RAPE—INSTRUCTIONS AS TO PENETRATION.
   In a prosecution for statutory rape, an instruction that partial penetration was sufficient to warrant conviction, *held,* not error.

[1]Criminal Law, 16 C. J. § 2720; [2]Id., 16 C. J. § 2720; [3]Rape, 33 Cyc. pp. 1422, 1505.

4. SAME—EVIDENCE—TESTIMONY AS TO FORMER ACTS COMPETENT.
   Testimony by the prosecutrix of previous acts of sexual
   intercourse with defendant, *held*, competent.

Error to Macomb; Reid (Neil E.), J. Submitted
January 13, 1927. (Docket No. 154.) Decided April
1, 1927.

Harry DeMars was convicted of statutory rape, and
sentenced to imprisonment for not less than 4 nor more
than 15 years in the State prison at Jackson. Af-
firmed.

*Lynn M. Johnston,* for appellant.

*William W. Potter,* Attorney General, *James E.
Spier,* Prosecuting Attorney, and *John E. Merrill,*
Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant was convicted of rape of a
female child under the age of 16 years, contrary to
section 15211, 3 Comp. Laws 1915. We discuss the
questions presented on error:

That the court erred in denying the motion for a
new trial on the ground of newly-discovered evidence.

The prosecuting witness, testifying, fixed the date
of the offense at (the same as charged in the informa-
tion) August 13, 1924, and the hour at about 10 or
11 o'clock in the forenoon, and the place, a certain
vacant store in the township of Warren, Macomb
county.

The claimed newly-discovered evidence is that of
the lessee of the store that it was not vacant at that
time, and of an employer of defendant that he worked
in a Detroit factory that day. The lessee was known.
Her name was mentioned by a witness in the trial.
Defendant, of course, knew his employer. A re-
quirement for new trial on this ground is that the

---

*Rape, 33 Cyc. p. 1483.

party could not, with reasonable diligence, have discovered and produced the evidence at the trial.    It is clear that such requirement has not been met.

That the court's instruction relative to penetration is erroneous.    The instruction follows the law as announced in *People* v. *Courier*, 79 Mich. 366, and *People* v. *Bernor*, 115 Mich. 692.

The girl testified of previous acts of sexual intercourse with defendant.    This was competent.    *People* v. *Coston*, 187 Mich. 538.

Another question is so well answered by the record itself that we decline to discuss it.    We find no reversible error.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.