PEOPLE v. MATTESON.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    Objections not raised during the trial and passed upon by the trial court will not be heard by the Supreme Court for the first time.

2. CRIMINAL LAW—INDICTMENT AND INFORMATION—SUFFICIENCY OF STATUTORY FORM FOR LARCENY.
    Claim that short form of information in larceny failed to inform defendant of charge against him and was, therefore, unconstitutional, which claim was first raised upon settling of the record *held*, not reviewable in absence of motion to quash, demand for bill of particulars or request for instructions to define crime charged (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, §§ 17258, 17290; Act No. 328, § 362, Pub. Acts 1931).

3. LARCENY—INDICTMENT AND INFORMATION—EVIDENCE—VARIANCE.
   No fatal variance between information and proofs *held*, to be
   presented where information charged larceny in accordance
   with statutory short form and evidence showed that pursuant
   to agreement between complaining witness and defendant for
   purpose of doubling, certain of former's cows and calves were
   left with latter and he sold or converted to his own use some
   of the stock (3 Comp. Laws 1929, §§ 17258, 17290; Act No.
   328, § 362, Pub. Acts 1931).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 15, 1937. (Docket No. 147, Calendar No. 39,165.) Decided May 21, 1937.

Chester D. Matteson was convicted of larceny. Affirmed.

*John R. Rood,* for defendant.

*Raymond W. Starr,* Attorney General, and *Glen Smith,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant appeals from a conviction of larceny upon the following information:

"Glen Smith, prosecuting attorney in and for the county of Lapeer, aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the March term thereof, in the year 1936 and gives the court here to understand and be informed that Chester Matteson, late of the township of Burlington in the county of Lapeer and State of Michigan, heretofore, to-wit: on the first day of November, A. D. 1935, at the township of Burlington in the county of Lapeer aforesaid, did then and there steal from Don McCallum one cow and three heifers of the value of over 100 dollars.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The evidence upon which defendant was convicted is that one McCallum, the complaining witness, and defendant entered into an agreement on June 18, 1934, whereby McCallum was to furnish defendant two cows and two heifers for a period of two years for the purpose of doubling. McCallum actually furnished four cows and four calves; and contrary to the agreement, defendant sold or converted to his own use one cow and three heifers.

At the close of the people's case, defendant made a motion for a directed verdict stating:

"We are not prepared to meet the evidence given on this charge. We are prepared to defend under larceny."

This motion was denied. After the jury brought in a verdict of guilty, the defendant made a motion to discharge the defendant because of the fatal variance between the proofs and the information, there being no evidence to support the charge made. This motion was also denied.

It is the people's theory that defendant was charged under Act No. 328, § 362, Pub. Acts 1931, a re-enactment of 3 Comp. Laws 1929, § 16911:

"Any person to whom any money, goods or other property, which may be the subject of larceny, shall have been delivered, who shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money or other property, or any part thereof, shall be deemed by so doing to have committed the crime of larceny."

And the short form indictment prescribed by 3 Comp. Laws 1929, § 17258, was followed:

"Larceny — Embezzlement and false pretenses. A. B. stole from C. D. one horse of the value of more than 100 dollars."

Defendant claims that:

"The complaint and information in this cause did not inform the defendant that he was charged with anything other than common-law larceny; and the act relied on by the prosecution to support the prosecution, being criminal code, chap. 7, § 44 (3 Comp. Laws 1929, § 17258), as amended, is unconstitutional and void in that it denies the accused of his constitutional right to be informed of the charge against him. Constitution 1908, art. 2, § 19."

The record fails to show that the constitutional objection was raised at any time prior to the settling of the record; moreover there was no motion to quash the information; no demand for a bill of particulars, as is provided in 3 Comp. Laws 1929, § 17258, was made; nor did the court instruct the jury as to the legal definition of the crime charged and the defendant did not offer any instructions upon this subject.

Upon other occasions we have said that objections not raised during the trial and passed upon by the trial court will not be heard here for the first time. This disposes of the constitutional objection and leaves only the objection upon the part of the defendant that the complaint and information did not inform the defendant that he was charged with anything other than common-law larceny.

Section 17290, 3 Comp. Laws 1929, provides:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its dis-

cretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury."

In *People* v. *Margelis*, 246 Mich. 459, we said:

"One purpose of the criminal code (Act No. 175, Pub. Acts 1927) is to simplify and expedite procedure and trials, and, so far as its provisions observe the constitutional rights of an accused, they are to be given effect. The purpose of pleadings in a criminal case is to show jurisdiction, aver commission of a crime, state the nature thereof, and to bring an accused to the bar, to plea, and to trial. Old-time technicalities, relative to form and not substance, may be brushed aside or cured by amendment. This has been the tendency ever since the first statute of jeofails."

In the case at bar defendant was informed of the nature of the charge against him, and if he desired a bill of particulars he should have made a proper demand for it. Under the evidence defendant was convicted of larceny as prescribed by Act No. 328, § 362, Pub. Acts 1931. In our opinion there was no fatal variance between the proofs and the information.

Judgment affirmed.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.