PEOPLE v. HALLMAN.

1. CRIMINAL LAW—NONJURY CASE—REASONABLE DOUBT.

In prosecution for statutory rape tried before the court without a jury, statement of court at conclusion of the testimony that he would have to be satisfied beyond a reasonable doubt before he could find defendant guilty and would take the case under advisement *held*, not an expression of reasonable doubt on the part of the court (Act No. 328, § 520, Pub. Acts 1931).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Objections not raised during the trial and passed upon by the trial court will not be heard by the Supreme Court for the first time.

3. SAME—QUESTIONS REVIEWABLE—RES GESTAE WITNESSES.

Supreme Court will not consider failure of the State to produce all *res gestae* material witnesses where question was not raised at the trial or on motion for a new trial and was raised for the first time on appeal.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

A requirement for a new trial on the ground of newly-discovered evidence is that the party could not, with reasonable diligence, have discovered and produced the evidence at the trial.

5. CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.

Denial of motion for new trial in prosecution for statutory rape, based on alleged newly-discovered evidence, was not an abuse of discretion on part of court who had tried case without a jury where additional evidence mentioned in two affidavits by defendant's brothers would be merely cumulative support of defense of alibi theretofore interposed, and no showing is made that defendant did not know of or could not have procured these witnesses (Act No. 328, § 520, Pub. Acts 1931).

6. SAME—STATUTORY RAPE—EVIDENCE.

In prosecution for statutory rape of girl 14 years of age, evidence, including that presented by complaining witness connecting defendant with her pregnancy, *held*, sufficient, if believed by court, who tried case without a jury, to support conviction (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted October 16, 1941. (Docket No. 86, Calendar No. 41,574.) Decided December 2, 1941.

William Hallman was convicted of statutory rape. Affirmed.

*Frank G. Schemanske,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Ralph E. Helper* and *Richard E. Lamb,* Assistant Prosecuting Attorneys, for the people.

SHARPE, C. J. Defendant was tried, convicted and sentenced for the crime of statutory rape.* The cause was tried without the aid of a jury and after the conclusion of the testimony, the court made the following statement on the record:

"I will take the matter under advisement. I don't want to act hastily in the matter, because I realize it is a serious matter, and a child involved here. She has not been a very good girl, but what can you expect of a child 9 or 10 years of age? They are easily led. The mother was not home, and the child could be very easily led. That is where the mother's influence was not felt. If the mother had been there and looking after the child, it may not have happened. However, I have got to be satisfied beyond a reasonable doubt before I can find him guilty. I will hold it open for a few days—until a week from today. I will take it under advisement. There is no objection to the court doing this?"

---

* See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).—REPORTER.

On the adjourned date, the court made the following statement and finding:

"The court has heard the testimony several days ago, and counsel consented that the court take the matter under advisement. After going over the testimony and giving it my earnest consideration, I feel satisfied beyond a reasonable doubt of the respondent's guilt. I will find him guilty of the charge and defer sentence a week from today and refer his case to the probation department, and I will remand him to the custody of the sheriff without bond."

Subsequently, defendant filed a motion for new trial in which it was alleged that the verdict was against the great weight of the evidence; and that the trial court had expressed a reasonable doubt as to defendant's guilt. At a later date, defendant filed an amended motion for new trial in which it was alleged that additional evidence had been secured. Affidavits of two brothers of defendant that on December 24, 1938, defendant was not at the place where the crime was alleged to have been committed were attached to the motion. The trial court denied both motions.

Defendant appeals and contends that the trial court erred in finding the defendant guilty after expressing a reasonable doubt as to defendant's guilt at the conclusion of the testimony. We are not in accord with this theory. The statement made by the trial court does not support such a claim. At most it was an adjournment of the cause in order to give the court time to analyze the testimony.

It is next urged that the trial court was in error in finding the defendant guilty by reason of the State's failure to produce all the *res gestae* material witnesses of the alleged crime. Defendant bases

this contention on 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980), which provides:

"All informations shall be filed during term in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate by the prosecuting attorney of the county as informant; he shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same. Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

The record shows that this question was not raised at the trial, was not raised on the motion for a new trial, and is raised for the first time in this court.

In *People* v. *Matteson,* 280 Mich. 218, we said:

"Upon other occasions we have said that objections not raised during the trial and passed upon by the trial court will not be heard here for the first time."

In the amended motion for a new trial, defendant's attorney gives as a reason: "Because additional evidence has been secured by defendant, who will produce said witnesses if and when a new trial is granted." We must assume that the additional evidence mentioned is that of defendant's two brothers whose affidavits state that defendant was not at the place when and where the alleged crime was committed.

In *People* v. *DeMars,* 238 Mich. 259, we said:

"A requirement for new trial on this ground is that the party could not, with reasonable diligence, have discovered and produced the evidence at the trial."

There is no showing in the motion for a new trial that defendant did not know of or could not have procured these witnesses. Moreover, such evidence, in effect, would be cumulative as defendant relied upon the defense of an alibi. In our opinion, there was no abuse of discretion in refusing a new trial because of this claim.

It is also urged that the verdict was against the great weight of the evidence. In our opinion, there was competent evidence, if believed by the trial court, to find defendant guilty of the offense named beyond a reasonable doubt. The complaining witness was Virginia Falzetti, a girl 14 years of age at the time of the trial. She testified that she had sexual intercourse with the defendant at his home on the night of December 24, 1938. At a later time she identified defendant at police headquarters. Complainant's father testified that, in the vicinity of his home, he saw defendant in a car a couple of times a week during the years 1938 and 1939. Moreover, there was the additional fact that the complaining witness became pregnant, the cause of which she accused defendant.

The guilt of defendant was a question of fact for the determination of the trial court. We find no error and the judgment is affirmed.

BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.