PEOPLE *v.* GEDDES.

1. RAPE—RESISTANCE.

The degree of resistance required to be shown in rape cases is generally said to be resistance to the utmost.

2. SAME—RESISTANCE—RECORD.

In prosecution for rape, record in trial before court without a jury *held*, to show resistance to the utmost on part of complaining witness (Act No. 328, § 520, Pub. Acts 1931).

3. CRIMINAL LAW—NONJURY TRIAL—CREDIBILITY OF WITNESSES—EVIDENCE—APPEAL—REASONABLE DOUBT.

The credibility of witnesses is a matter for the trial judge when sitting without a jury and the finding of guilty by the trial judge in a criminal case will not be disturbed upon appeal unless Supreme Court is satisfied that the guilt of the accused was not established beyond a reasonable doubt.

4. RAPE—EARLY COMPLAINT—EVIDENCE.

Testimony of sister of complaining witness in prosecution for rape was admissible for purpose of showing to trial judge, sitting without a jury, that complaint was made at the earliest possible opportunity and its reception for such purpose was not error where trial judge sustained defendant's objections to portions clearly inadmissible (Act No. 328, § 520, Pub. Acts 1931).

5. SAME—EVIDENCE—NONJURY CASE.

In prosecution for rape, competent evidence *held*, sufficient, if believed by trial court, sitting without a jury, to find defendant guilty beyond a reasonable doubt (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Ingham; Carr (Leland W.), J. Submitted January 15, 1942. (Docket No. 77, Calendar No. 41,802.) Decided April 6, 1942.

Richard Geddes was convicted of the crime of rape. Affirmed.

*Watson & Amerson,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Richard B. Foster,* Prosecuting Attorney, for the people.

BUSHNELL, J.   Defendant Richard Geddes, a married man, 25 years of age, was convicted by a trial judge sitting without a jury of the crime of rape, as defined in the penal code, Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).

The people charge that the crime was committed on January 25, 1941.   The complaining witness, then a single woman, whose name is omitted from this opinion for obvious reasons, testified that as she was leaving her place of employment, a lunch room, about 2 a.m. on the morning in question, Geddes asked her if she would like a ride home.   She at first refused but, upon defendant's insistence, got into his car. Defendant's friend, Carl Cook, rode with the parties in the front seat for a while and then got out of the car.   Defendant, disregarding complainant's request to be taken home, drove around awhile and, later, parked his car.   He then made advances to the complaining witness which she resisted.   According to complainant, Geddes then became violent and abused and mistreated her. She said she attempted to get out of the car but the inside door handle was broken.   When she put her head out the left window and screamed, Geddes turned the window up on her neck.   Finally, after considerable struggle, Geddes had intercourse with the complaining witness.   She testified that the act occurred about 4 o'clock in the morning, within a short distance of her sister's home.   After the affair, Geddes drove her to her sister's home and let her out of the car.   She awakened her sister and brother-in-law and told them what had occurred.

A State police officer was immediately called and he testified at the trial that, when he saw the complainant about 5 a.m., she was hysterical, complained of pains in her neck and arm; and that her arms were red as though they had been twisted.

Defendant Geddes took the stand in his own behalf. On cross-examination he admitted it was possible that he had had sexual intercourse with the complaining witness, but he denied that he abused or mistreated the complainant or resorted to force in any manner.

Dr. LeMoyne Snyder, who examined complainant about noon the same day, testified that he took a specimen smear from her vagina and found bruises, abrasions and lacerations. He stated that, in his opinion, the injuries were the result of a forceful entry which would cause considerably more pain than "a person would submit to voluntarily." A State toxicologist testified that he found spermatazoa on the specimen referred to.

A witness who lived near the scene of the crime testified that she was awakened about 2 or 3 o'clock on the morning in question by a woman screaming. Defendant, on the other hand, called several other residents of the neighborhood who stated they did not hear any such outcries.

On appeal, Geddes urges that the decision of the trial judge is against the great weight of the evidence and that the evidence is insufficient to remove "all reasonable doubt of guilt," or to overcome the presumption of innocence. He argues that the people failed to prove "resistance on the part of prosecutrix to the extent required by law," and that the court erred in admitting the testimony of the sister of the complaining witness relating to her complaint and in failing to grant a motion for new trial.

The degree of resistance required to be shown in rape cases is generally said to be "resistance to the utmost." *People* v. *Crego,* 70 Mich. 319, and *People* v. *Lambert,* 144 Mich. 578. We think this record shows such resistance.

The credibility of the witnesses is a matter for the trial judge when sitting without a jury and the finding of guilt by a trial judge in a criminal case will not be disturbed upon appeal unless this court is satisfied that the guilt of the accused was not established beyond a reasonable doubt. See *People* v. *Sartori,* 168 Mich. 308, and *People* v. *Hepner,* 285 Mich. 631.

The testimony of the sister regarding the complaint was carefully handled by the trial judge who upheld the defendant's objections to that part which was clearly inadmissible, and, as indicated in the trial judge's written opinion, it was considered by the trial judge only for the purpose of showing that the complaint was made at the earliest possible opportunity. This testimony was properly received for this purpose. See *People* v. *Baker,* 251 Mich. 322, and authorities cited.

The evidence in the instant case is much stronger than that presented in the recent case of *People* v. *Hallman,* 299 Mich. 657, and, as we said in that case:

"There was competent evidence, if believed by the trial court, to find defendant guilty of the offense named beyond a reasonable doubt. * * * The guilt of defendant was a question of fact, for the determination of the trial court."

We find no reversible error. The judgment is affirmed.

Chandler, C. J., and Boyles, North, Starr, Butzel, and Sharpe, JJ., concurred. Wiest, J., did not sit.