## PEOPLE *v.* ELLIOTT.

1. CRIMINAL LAW—ERRONEOUSLY-ADMITTED EVIDENCE—OBJECTIONS.
   While under unusual circumstances when serious error has been committed in the trial of a criminal case, the Supreme Court has the right to take cognizance of such error under its supervisory powers, even though no objection was made in the trial court, where erroneously-admitted evidence largely went to matter of credibility and did not result in denial of his right to a fair and impartial trial of defendant who had taken the stand in trial of prosecution for statutory rape of his own 11½-year-old daughter, such power is not exercised (Act No. 328, § 520, Pub. Acts 1931).

2. SAME—SAVING QUESTIONS FOR REVIEW.
   Counsel for one charged with crime may not sit idly by during the trial and then, for the first time, interpose objections after the accused has been convicted.

3. RAPE—STATUTORY RAPE—SYPHILIS.
   In prosecution of man, charged with statutory rape of his own 11½-year-old daughter who was afflicted with syphilis, defendant may not complain that issue as to whether or not he had ever been afflicted with syphilis was brought into the case, where he himself raised the issue and it was permissible to show the daughter's condition as tending to prove she had been violated by someone who had the disease (Act No. 328, § 520, Pub. Acts 1931).

4. SAME—NEW TRIAL—AFFIDAVITS—EVIDENCE—SYPHILIS.
   Motion for new trial of defendant who had been convicted of statutory rape of his 11½-year-old daughter, where only support of motion was affidavits, unsupported by testimony, that defendant is not now afflicted with syphilis although his

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am. Jur., Appeal and Error, §§ 246–248, 343.
[3] 20 Am. Jur., Evidence, § 274.
[3, 4] 44 Am. Jur., Rape, §§ 66, 73, 75.

daughter is, that the word of the little girl is not to be relied upon, but prosecution offered testimony that both defendant and daughter had positive reactions to blood tests for syphilis a few months after offense was alleged to have been committed and fact that defendant is not now infected with it neither proves nor disproves his infection therewith several years previously (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Gordon (Arthur E.), J. Submitted June 17, 1948. (Docket No. 65, Calendar No. 43,524.) Decided September 8, 1948.

James Elliott was convicted of statutory rape. Affirmed.

*Lewis Tucker* (*Harry Cohen*, of counsel), for appellant.

*Eugene F. Black*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *James N. McNally*, Prosecuting Attorney, and *Robert Newton Smiley* and *Herbert Burdick*, Assistants Prosecuting Attorney, for the people.

BUTZEL, J. Defendant was convicted by a jury of the crime of statutory rape.* The prosecutrix, defendant's daughter by his first wife, was about 11½ years of age on June 1, 1942, the alleged date of the offense. She testified that her father was drunk at the time, that he came into her bedroom and awakened her from sleep, that he carried her to his own room, and there committed the crime. She further testified that she cried but made no outcry because defendant threatened to hit her unless she kept quiet. She said that she did not bleed. She told no one about the occurrence because she was afraid her

---

* See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).—REPORTER.

father might harm her if she did. Two and one-half years later, when she was being detained in the juvenile detention home in Detroit while arrangements were being made to place her in a boarding home by a worker of the Children's Aid Society, it was ascertained that her hymen had been ruptured at some previous time and that she was suffering from syphilis. Upon being questioned she reluctantly told her story of the guilt of the father and denied that she had ever had any intimate association with him or any one else on any other occasion. The defendant testified in his own behalf, vehemently and strenuously denying guilt.

The defense presented testimony by a medical expert to the effect that clinical and physical examination of defendant in January, 1945, revealed no evidence of his ever having been afflicted with a venereal disease. Upon cross-examination this doctor conceded that a patient who had had syphilis for which a cure has been effected might or might not have residual effects therefrom which would make it possible upon subsequent examination to determine whether or not he had ever had such disease. The prosecution presented testimony by another medical expert to the effect that it is almost impossible to determine upon subsequent examination whether or not a person had ever had syphilis where a cure had been effected with good results and no residual scars were present.

On appeal, much stress is placed upon what is claimed were improper questions propounded to defendant during his cross-examination. These questions related to his character and former life and were on the subject of the number of times defendant had been married, the reasons for which his second wife divorced him, his having been arrested for drunkenness and disorderly conduct, his having changed his name for the purpose of concealing from

prospective employers the fact that he had tuberculosis, et cetera. No objection to the cross-examination was made by defendant's attorney at the trial, he apparently being willing to let all the facts which might even remotely assist the court and jury be brought out. He now makes the claim that the court should have imposed objections *sua sponte,* and should not have permitted questioning upon what he calls "irrelevant" issues. Recognizing the rule to be that this Court, under unusual circumstances where serious error has been committed, has the right to take cognizance of such error under our supervisory powers, even though no objection was made in the trial court, we nevertheless feel that in the instant case there was not such error as resulted in the defendant having been denied his right to a fair and impartial trial. The evidence largely went to his credibility. The fact that he had been arrested a number of times for drunkenness is also some corroboration of the testimony of the little girl that he committed the crime while intoxicated. Timely objection might have excluded some of the testimony from the record, but, while we appreciate the desire on the part of counsel to bring out all the facts in a case of this nature, including those unfavorable as well as those favorable to defendant, counsel cannot sit idly by and then, for the first time, interpose objections after the accused has been convicted. In *People* v. *Wright,* 294 Mich. 20, relied upon by defendant, it will be noted that timely objections were made to the testimony complained of on appeal.

Defendant also objects to the fact that the subject of syphilis was brought into the case. The entire question was brought in without objection, and there was no error. It was permissible to show that the child had syphilis as tending to prove, among other things, that she had been violated by some one who had the disease. Defendant himself raised the issue

whether or not he had ever been infected with the disease, and he cannot now complain. *People* v. *Glover,* 71 Mich. 303; *People* v. *Cleveland,* 295 Mich. 139. See, also, *People* v. *Bark,* 251 Mich. 228, for an instance in which the fact that the accused was infected with a virulent case of venereal disease at the time the alleged crime was committed was brought out to refute the charge that he had raped the prosecutrix, when she was not so infected after the alleged offense.

A motion for new trial was made on behalf of defendant based largely upon affidavits and an unsworn statement by Dr. L. W. Wiren to the effect that the prosecutrix is an emotionally unstable sexual delinquent who is subject to hallucinations and whose word cannot be relied upon. Dr. Wiren signed his name over the title "director." Just what authority he had for doing so, or what he was a director of does not appear in the record, but the people's briefs indicate that the statement was made after the trial as a part of the report of the probation department submitted to the court. The statement of Dr. Wiren is to the effect that a psychiatric examination of the little girl disclosed that she is an extremely emotional individual who indulges in a great deal of fantasy and day dreaming. It further states that the police report describes defendant as a "syphilitic of long standing." Dr. Wiren states that defendant does not have syphilis at the present time, which "strongly suggests the probability that the complainant did not contract the disease from" him, but "does not rule out the possibility that (he) may have had sexual relations with the complainant." It further states:

"It is suspected that she herself has been sexually delinquent, particularly in view of our finding that the patient (meaning defendant) has no syphilis. In fairness to his present circumstances, it seems to us important to emphasize the significance of the prob-

able sexual promiscuity of the complainant. Furthermore, we feel that her need for fantasy and her unsatisfactory relationship with her father may have been responsible for bringing the complaint against him."

Other affidavits attached to the motion for new trial indicate likewise that the word of the little girl cannot be relied upon. At the hearing upon the motion, testimony was offered by the prosecution from which it appears that in the fall of 1942 the little girl and her father had positive reactions to blood tests for syphilis and the doctor gave each of them an injection ordinarily given to syphilitics. There is no question but that the father was free from all syphilitic taint or trace thereof at the time of the trial. Considerable medical expert testimony was taken which indicates that the fact that defendant is not infected with the disease now neither proves nor disproves that he had the disease at a previous time. There was also testimony that a tuberculosis infection will cause a positive reaction in a blood test for syphilis. No testimony was offered at the hearing to prove the facts averred in the affidavits supporting the motion for new trial. The trial judge denied the motion. There was no error in this respect.

Even though some of us possibly might have come to a different conclusion on the record before us, we nevertheless did not have the advantage of seeing the witnesses. A careful reading of the record reveals no reversible error. Under the facts disclosed, jury questions were properly raised.

The judgment of conviction is affirmed.

Bushnell, C. J., and Boyles, Reid, North, Dethmers, and Carr, JJ., concurred with Butzel, J.

Sharpe, J., concurred in the result.