## PEOPLE v. WILLIS.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—SAVING QUESTION FOR REVIEW—MOTION FOR NEW TRIAL.

   Failure to object to alleged insufficiency or irregularity in the examination prior to or during the trial on a charge of crime constitutes a waiver of the right to object, and the question may not be raised initially on motion for new trial or at the appellate stage.

2. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

   Appellate courts will not hear appeals on matters that were not preserved in the record.

3. CRIMINAL LAW—MOTION FOR NEW TRIAL.

   Raising an issue on motion for new trial in a prosecution for crime may not be timely preservation of the issue for review by an appellate court unless it is new matter that could not have been presented before and is crucial to the interests of justice (CL 1948, § 769.26).

4. SAME — ACCEPTANCE OF EARNINGS OF PROSTITUTE — PRELIMINARY EXAMINATION.

   Defense counsel, in prosecution of crime of accepting the earnings of a prostitute, who failed to raise a question at the trial as to the admission of hearsay testimony at the preliminary examination and claims that the examining magistrate berated him will not be heard as to such matters, where it does not appear defendant's rights were violated or that he was improperly or unjustly convicted (CL 1948, §§ 750.457, 769.26).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 21 Am Jur 2d, Criminal Law § 446.
[2] 4 Am Jur 2d, Appeal and Error §§ 491, 492.
[3] 4 Am Jur 2d, Appeal and Error §§ 555, 556.

5. COSTS—CRIMINAL LAW.
    Costs are awarded to State upon affirmance of conviction of man
    charged with accepting the earnings of a prostitute (CL 1948,
    § 750.452).

Appeal from Recorder's Court; O'Hara (John P.), J., and Brown (Ernest W.), J., presiding by assignment. Submitted Division 1 June 8, 1965, at Detroit. (Docket No. 533.) Decided September 20, 1965. Leave to appeal denied by Supreme Court December 10, 1965. See 377 Mich 693.

Henry Willis was convicted of accepting the earnings of a prostitute. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel D. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Lawrence W. Massey,* for defendant.

LESINSKI, C. J. Defendant Henry Willis appeals from a conviction by jury of the crime of accepting the earnings of a prostitute in violation of CL 1948, § 750.457 (Stat Ann 1954 Rev § 28.712). The errors claimed on appeal were at the preliminary examination and not at the trial itself.

The examination was held in the recorder's court of Detroit between the 17th and 20th days of March, 1964. Defense counsel claims the examining magistrate berated him and admitted into evidence inadmissible hearsay "thereby prejudicing defendant's rights to a fair examination." Upon completion of the examination, defendant was bound over for trial.

The record laid before this Court reveals that at the trial, in Detroit recorder's court, no objections

were made by the defense to any alleged errors in the preliminary examination. The question of whether proper examination had been accorded the defendant was first raised on motion for new trial, which was denied by the trial court.

From this ruling defendant appeals.

Failure to object to alleged insufficiency or irregularity in the examination prior to or during the trial constitutes a waiver of the right to object, and counsel cannot raise this question initially on motion for new trial or at the appellate stage. The Supreme Court has ruled that the appellate courts of this State will not hear appeals on matters that were not preserved in the record. In *People* v. *Matteson* (1937), 280 Mich 218, the defendant appealed a larceny conviction claiming the complaint and information did not inform him of the real charge against him, thus denying his constitutional rights. The Court said at page 221:

"Upon other occasions we have said that *objections not raised during the trial and passed upon by the trial court will not be heard here for the first time.*" (Emphasis added.)

See, also, *People* v. *Kowalek* (1941), 296 Mich 714; *People* v. *Hallman* (1941), 299 Mich 657; *People* v. *Huey* (1956), 345 Mich 120; *People* v. *Oates* (1963), 369 Mich 214.

In the *Hallman* and *Oates Cases* the Court on appeal emphasizes that the examination issue was not even raised on motion for new trial, but this Court does not interpret those cases to imply that raising the issue on motion for new trial will be timely preservation of the record unless it is new matter that could not have been presented before and is crucial to the interests of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

In the case at bar, the issue raised on motion for new trial was not new matter, but related to the preliminary examination. It was the duty of the defense to make timely objections in the trial record.

The defense cannot wait until the completion of trial, conviction, and sentence, then search the examination proceedings for error on which to appeal. This Court will not be moved to set aside a properly conducted trial and verdict when the facts clearly indicate defense has done nothing to preserve right of appeal in the record.

Further, the Court finds nothing in the record that would move it to find that defendant's rights had been violated or that indicates that defendant was improperly or unjustly convicted.

Verdict of guilty affirmed. Costs to appellee.

J. H. GILLIS and WATTS, JJ., concurred.