PEOPLE v. STEVENS.

1. CRIMINAL LAW—NONJURY CASES—COURT OF APPEALS.
The Court of Appeals will not substitute its judgment for that of the trial judge who tried the case without a jury, heard the testimony of the witnesses, and observed their demeanor, where the record is replete with evidence to support finding of guilt beyond a reasonable doubt.

2. SAME—ASSAULT WITH INTENT TO COMMIT AN ACT OF GROSS INDECENCY.
Evidence presented in prosecution for assault with intent to commit an act of gross indecency held, sufficient to support trial judge's finding of guilt (CL 1948, § 750.87).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 821.
[2] 6 Am Jur 2d, Assault and Battery §§ 41, 42, 107.

Appeal from Ingham; Hughes (Sam Street), J. Submitted Division 2 October 7, 1965, at Lansing. (Docket No. 59.)   Decided November 15, 1965.

James G. Stevens was convicted of assault with intent to commit an act of gross indecency, CL 1948, § 750.87.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*W. Charles Kingsley,* for defendant.

McGregor, J.   The defendant, James G. Stevens, was convicted by the circuit court for Ingham county, sitting without a jury, of the crime of assault with intent to commit an act of gross indecency.*   Defendant contends on this appeal that the evidence is insufficient to prove the elements of the crime.

The record is replete with evidence which, if believed, supports a finding of guilt beyond a reasonable doubt.   *People* v. *Geddes* (1942), 301 Mich 258; *People* v. *Hallman* (1941), 299 Mich 657.   This Court will not substitute its judgment for that of the trial judge who heard the testimony of the witnesses and observed their demeanor.   *People* v. *Martino* (1944), 308 Mich 381.

Judgment affirmed.

Quinn, P. J., and Watts, J., concurred.

---

* CL 1948, § 750.87 (Stat Ann 1962 Rev § 28.282).—Reporter.