PEOPLE *v.* BRADLEY.

1. CRIMINAL LAW—ADMISSION OF INCRIMINATING STATEMENTS—OB-
JECTIONS.
Admission into evidence of defendant's statement given to police
officers after the crime of breaking and entering in the night-
time was committed but before defendant had been informed
of his right to counsel, *held,* proper, where no objection
was made to its admission during trial (CL 1948, § 750.110).

2. SAME—ADMISSION OF EVIDENCE—PRESUMPTIONS.
Evidence admitted is presumed to have been lawfully admitted
in prosecution for crime, where no proper objections were
made at trial.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS.
Objections not raised during trial and passed upon by the trial
court will not be heard by an appellate court for the first time.

4. SEARCHES AND SEIZURES—MOTION TO SUPPRESS.
A defendant with knowledge of facts constituting an alleged
illegal search and seizure before trial has the responsibility
of communicating same to his attorney who then has the
responsibility of moving to suppress in advance of trial.

5. SAME—MOTION TO SUPPRESS—BURDEN OF PROVING ILLEGALITY.
The burden of asserting and proving facts constituting an illegal
search and seizure is upon the defendant moving to suppress
the evidence, and where such burden is not sustained, the
motion should be denied.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial §§ 132, 135.
  5 Am Jur 2d, Appeal and Error § 545.
[4, 6] 53 Am Jur, Trial § 134.
  20 Am Jur, Evidence § 396.
[5] 20 Am Jur, Evidence § 396.
[7] 13 Am Jur 2d, Burglary § 45.
[8] 13 Am Jur 2d, Burglary §§ 67–72.

6. SAME—EVIDENCE—MOTION TO SUPPRESS—BREAKING AND ENTER-
ING.

    Admission into evidence of a pair of gloves allegedly illegally
seized in prosecution for breaking and entering in the night-
time *held*, proper, where the record fails to disclose any motion
to suppress having been made either before or during trial,
and the defendant's counsel did not object to the admission of
the evidence at trial (CL 1948, § 750.110).

7. CRIMINAL LAW—BREAKING AND ENTERING—EVIDENCE.

    Evidence adduced in prosecution for breaking and entering store
in the nighttime with intent to commit larceny *held*, sufficient
to support conviction (CL 1948, § 750.110).

8. SAME—INSTRUCTIONS TO JURY.

    Defendant's contention that trial court erred in prosecution for
breaking and entering in the nighttime in its instructions
to the jury setting forth the claims of the people, *held*, not
supported by the record (CL 1948, § 750.110).

Appeal from Berrien; Zick (Karl F.), J. Sub-
mitted Division 3 May 11, 1966, at Grand Rapids.
(Docket No. 542.) Decided October 25, 1966.

Leon H. Bradley was convicted of breaking and
entering in the nighttime with intent to commit
larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John T. Hammond,*
Prosecuting Attorney, and *Harry J. Creager,* As-
sistant Prosecuting Attorney, for plaintiff.

*Ryan, McQuillan & Vander Ploeg (David Vander-
Ploeg,* of counsel), for defendant.

HOLBROOK, P. J. Defendant was tried and con-
victed of the crime of breaking and entering in the
nighttime with intent to commit larceny* before a
jury in the circuit court for Berrien county, October

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

5, 1964, and sentenced to serve 5 to 10 years in the State's prison, November 6, 1964. Defendant thereafter made a motion for a new trial which was denied by an order filed December 21, 1964.

Defendant has taken this appeal from the conviction and sentence and from the order denying a new trial, raising the following questions for review: (1) Whether admissions made by defendant immediately after his arrest should have been received in evidence. (2) Whether the people's exhibit 2, a pair of gloves, were illegally seized and should have been denied admission into evidence. (3) Whether the verdict was contrary to the great weight of the evidence properly received. (4) Whether the court erred in instructing the jury.

The pertinent facts of the case appear to be as follows: Defendant was charged with breaking and entering the Lake Michigan College Bookstore located in Benton Harbor, Berrien county, Michigan, on July 25, 1964, late in the evening. Defendant had a preliminary examination and appointed counsel represented him therein as well as at the trial. Witness Paul Hicks testified that he heard a window breaking while he was standing on a bridge, some distance west of the Lake Michigan College Bookstore, that he investigated and observed the defendant in the building and also saw him set a typewriter and adding machine (people's exhibits 1 and 3) outside of the building, and that he called the police. Two Benton Harbor police officers arrived a few minutes later and almost immediately arrested the defendant who was walking a short distance east of the building. Shortly after the arrest, investigation revealed that a typewriter and adding machine had been placed immediately outside a door on the west side of the bookstore building. At the time defendant was arrested, he was wearing a pair of gloves which were later introduced at the trial with-

out objection as exhibit 2. A search of defendant's person revealed nothing belonging to the Lake Michigan College Bookstore. The two arresting officers were joined by a detective from the Benton Harbor police department and the defendant was immediately questioned. The officers testified that he had admitted to them at that time that he had broken a window in the rear of the bookstore and then showed the detective and one of the officers the broken window. This testimony was admitted without objection.

Defendant raises for the first time objection to the admissibility of the admissions made to the detective and the police officers, claiming that he was not informed of his right to counsel at the time. He further claims that the matter should be returned to the trial court for a *Walker* hearing, in accord with *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

The record discloses that counsel for defendant cross-examined the detective and the officers but did not raise any issue as to the admissibility or voluntariness of defendant's statement or confession.

In the case of *People* v. *Jury* (1966), 3 Mich App 427, we stated on pp 434, 435, and 436, as follows:

"The cases of *Jackson* v. *Denno,* 378 US 368 (84 S Ct 1774, 12 L ed 2d 908, 1 ALR3d 1205), and *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, are authority for the rule that the defendant may object to the use of an alleged involuntary confession and must have a fair hearing and a reliable determination on the issue of voluntariness, not influenced by the truth or falsity of the confession. In Michigan the hearing must be had in the absence of the jury and admissibility determined by the judge on a separate record. If found to be voluntary, it is admitted, and the jury's consideration limited to its weight and credibility. If found to be involuntary,

it is suppressed. These cases are obviously not applicable here, for defendant was given every opportunity to object to the statement or to raise an issue as to its being involuntarily given.

"Our Supreme Court presumes evidence admitted was lawfully admitted where no proper objections were made at the trial. *People* v. *Robinson* (1955), 344 Mich 353.  *  *  *

"In *Escobedo* v. *Illinois,* 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), defendant's attorney was refused admittance to where defendant was being questioned prior to arraignment. Under those circumstances and without being advised that he could remain silent, defendant made incriminating statements which were admitted on the trial of the case. On appeal, the United States Supreme Court ruled that this was a denial of due process under the Sixth Amendment to the Federal Constitution made obligatory upon the States by the Fourteenth Amendment. The facts under the *Escobedo Case* are not analogous and therefore not applicable. Issues not raised in the trial court cannot be raised on appeal. *People* v. *Matteson* (1937), 280 Mich 218; *People* v. *Hallman* (1941), 299 Mich 657."

What we said in *People* v. *Jury, supra,* is clearly applicable to the case at hand.

The error claimed in defendant's second question is without basis when raised for the first time on appeal in this Court. The rule enunciated in *People* v. *Ferguson* (1965), 376 Mich 90, is aptly stated in the following headnotes:

"A defendant with knowledge of facts constituting an alleged illegal search and seizure before trial has the responsibility of communicating same to his attorney who then has the responsibility of moving to suppress in advance of trial."

"The burden of asserting and proving facts constituting an illegal search and seizure is upon the de-

fendant moving to suppress the evidence, and where such burden is not sustained, the motion should be denied."

A review of the record fails to disclose any motion to suppress as having been made, either before or during trial. In fact, defendant's counsel stated he had no objections to the admission of exhibit 2 (gloves) when offered. Issues not raised in the trial court cannot be raised on appeal. *People* v. *Jury, supra.*

Defendant claims the verdict was contrary to the great weight of the evidence. This is an incorrect standard of proof in a criminal case. The correct standard is whether the evidence was ample to warrant a finding of guilty beyond a reasonable doubt. *People* v. *Williams* (1962), 368 Mich 494.

A review of the testimony clearly demonstrates that there was ample evidence if believed by the jury to justify a verdict of guilty beyond a reasonable doubt.

Defendant asserts that the court erred in instructing the jury in the following manner:

"Without going into detail, you know what the claim of the people is. They claim this man Hicks heard the—he was on the viaduct, two or three hundred yards away and heard some glass breaking; and he ran to the house right across the street from where the alleged offense occurred and called the police and then went over and claims that he saw a man in the place, and he claims it was this man— and of course, the testimony of the officers—and you heard that. They claim that this man, Leon H. Bradley, the defendant, broke into this place through that window in the nighttime; and that after he got in apparently the doors could be unlocked from the inside. I think the officer said the door was open when he got there; and that he took these ex-

hibits, the typewriter and adding machine—that these exhibits were outside the building when the police came. I am not going into the claims in detail."

It is the defendant's claim that the court indicated that witness Hicks' testimony was corroborated by the testimony of the police. We do not so read the instruction in this light. The judge was relating the claims of the people. It certainly was the claim of the people that the officers testified that defendant admitted he broke into the building. Defendant further claims that the instruction was unfair because there was no evidence that the doors could be unlocked from the inside. Witness Bond stated that when he examined the doors and windows of the building "the door on the east side was standing wide open." A legitimate inference that the door was opened from the inside was a logical claim of the people in the case. We find no error in the trial judge's instructions.

The judgment of conviction and order denying a new trial are affirmed.

FITZGERALD and J. H. GILLIS, JJ., concurred.