PEOPLE *v.* DODSON.

1. SODOMY—NONJURY TRIAL—PREJUDICE OF COURT.
   Contention of defendant, convicted of sodomy, that the trial
   court, sitting as a trier of fact pursuant to waiver of jury,
   was unable to set aside his natural feeling of revulsion and
   therefore unable to give the defendant a fair and impartial
   trial, *held*, not supported by record, where there are no ob-
   jections of record by the defense to the trial judge, acting
   as trier of the facts, and no such claimed prejudice of the
   trial court is shown on a careful reading of the record (CLS
   1961, § 750.158).

2. CRIMINAL LAW—WITNESSES—NONJURY TRIAL—QUESTIONS BY
   COURT.
   Trial court, sitting as trier of facts in a nonjury criminal trial,
   determines the credibility of witnesses, and has not only the
   right but the duty to ask material questions of witnesses,
   so as to clarify the matters before it.

3. SODOMY—EVIDENCE.
   Evidence presented in prosecution for sodomy *held*, sufficient
   to permit the trial court, sitting without a jury, to find
   defendant guilty beyond a reasonable doubt (CLS 1961,
   § 750.158).

4. CRIMINAL LAW—APPEAL AND ERROR—SAVING QUESTIONS FOR RE-
   VIEW—SODOMY.
   The defense in a criminal trial has the duty to make timely
   objections for the trial record, and the Court of Appeals

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 839, 840; 53 Am Jur,
    Trial § 1147.
[2] 53 Am Jur, Trial §§ 1122, 1125.
[3] 48 Am Jur, Sodomy § 5.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 548.
[5] 5 Am Jur 2d, Appeal and Error §§ 778, 867.
[6] 5 Am Jur 2d, Appeal and Error § 778.

will not consider objections not raised before appeal unless there is a showing that justice miscarried, in a nonjury trial for sodomy, where the record is barren of objections to any questions asked by the trial court as being improper (CLS 1961, § 750.158).

5. APPEAL AND ERROR—CRIMINAL LAW—MISCARRIAGE OF JUSTICE.
   Conviction of a crime will not be reversed on appeal unless there was such error committed at the trial as would deprive the defendant of substantial rights so as to result in a miscarriage of justice.

6. CRIMINAL LAW—FAIR TRIAL.
   Defendant convicted of sodomy *held*, not deprived of his constitutional right to a fair trial where there is nothing in the record that would move the court to find that the defendant's rights were violated or that indicates the defendant was improperly or unjustly convicted (CLS 1961, § 750.158).

Appeal from Recorder's Court of Detroit; Scallen (John P.), J. Submitted Division 1 June 8, 1967, at Grand Rapids. (Docket No. 1,993.) Decided December 6, 1967.

Oliver Dodson, Jr., was convicted of sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*George A. Kelly*, for defendant.

McGREGOR, J. A 16-year-old defendant was found guilty of "sodomy" under CLS 1961, § 750.158 (Stat Ann 1962 Rev § 28.355), after a waiver was obtained from the juvenile court, referring the defendant to the recorder's court to be tried as an adult. Defendant filed a waiver of trial by jury and was tried

and convicted by the court. Defendant contends that certain actions, rulings, and remarks of the trial court were so prejudicial as to deprive him of his constitutional right to a fair trial, and that the prosecuting attorney was permitted to go beyond legal bounds in his examination of witnesses.

The complaining witness testified that he was 60 years of age and was standing by a drug store at about 10:30 to 11 p.m. Two boys approached him, one the defendant, and asked him, "Will you get us some whiskey?", to which the complaining witness replied, "You're too young." Defendant then said, "Well, my mother says she wants it," and thereupon, the complaining witness purchased the liquor and was invited by the defendant to "come on, go home with me." His testimony shows that he, the complaining witness, had a couple of drinks at the defendant's home; he testified that the defendant invited him down to the basement of his home on the pretext of showing him where he was going to make a recreation room, and that they went out of the house, around the yard, through a door into the basement; that the defendant put a knife on him and told him to pull off his coat and lie down; that the defendant pulled the complaining witness's pants down and "used him like a woman." Subsequently, the witness came out of the basement and called the police, the police picked him up and took him to the hospital. The witness further testified that there was blood on his underclothes. There was some corroborating testimony by the arresting police officers and, likewise, by the attending physician who had, the same evening, examined the complaining witness at the hospital, and found some rectal trauma.

There was substantial testimony by the defendant, his family, and friends, who denied that the

defendant went to the basement with the complaining witness. Among them was his mother, whose testimony in part was that on the day in question, a number of ladies were in her home, and 7 or 8 different boys, friends of the defendant, that she met the complaining witness when he walked up and asked for a drink of whiskey, that the complaining witness sat down and drank with her and her friends. She further testified that "he had several drinks with me" and "got high," that the defendant was in the house when the complaining witness left. The mother further testified that there were three ways to go to the basement, from "the back, inside, and out in front." Other witnesses substantiated the defendant's claim of not going to the basement.

During the trial, the complaining witness was recalled by the defendant's counsel; after numerous attempts were made by defense counsel to repeat the previous day's testimony, the trial judge said, "You had all that testimony yesterday; have you got anything that you left out, yes, something you want to call particular attention to, but you can't go over the testimony again; we would never get through with a lawsuit. If any doubts have been raised in your own mind by your witnesses as to his testimony that's a question of fact for me to decide, not for you to run over it again." Defendant's attorney replied, "Well, Your Honor, if I am precluded from asking any questions about —," and the court answered, "You're not precluded from anything."

The defendant contends that the court was unable to set aside his natural feeling of revulsion, which made it impossible to give the defendant a fair and impartial trial. There are no objections of record by the defense to the trial judge acting as such. Defendant gives no citations of applicable law sus-

taining such claims of error. A careful reading of the record does not show such claimed prejudice by the trial court. Questions were asked by the trial court for an apparent clarification of the material facts, but no timely objections were made by the defendant that such questions were improper. The trial court, pursuant to a jury waiver, sitting as trier of the facts, determines the credibility of witnesses, and such trial court not only has the right but the duty to ask material questions of witnesses, so as to clarify the matters before it. There was ample, competent evidence, if believed, for the trial court to find the defendant guilty beyond a reasonable doubt. *People* v. *Geddes* (1942), 301 Mich 258. A conviction of a crime will not be reversed unless there was such error committed at the trial as would deprive the defendant of substantial rights so as to result in a miscarriage of justice. The defendant fails to show any timely objection on the record to any such claimed error and, likewise, fails to show reversible error in his brief. *People* v. *Piotrowski* (1966), 4 Mich App 510. The record is barren of objections to any questions asked by the trial court as being improper. It is the duty of the defense to make timely objections for the trial record. Unless there is a showing that justice miscarried, this Court will not consider such objections when not raised until appeal. *People* v. *Elliott* (1948), 322 Mich 313; *People* v. *Willis* (1965), 1 Mich App 428, 430.

Appellant has not shown that questions put by either the court or the prosecuting attorney exceeded the scope of the testimony or matters brought out under direct examination, or that such questions were not material. The prosecuting attorney did not commit reversible error in his questions or his conduct. Defendant was not deprived of his

constitutional right to a fair trial. The record fails to show that defendant's rights were violated or that he was improperly or unjustly convicted.

Affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.