PEOPLE *v.* UNDERWOOD

WITNESSES—OPINION TESTIMONY—FOUNDATION.
  Statement by a witness of the facts upon which his opinion is
  founded and an explanation of the grounds or reasons for
  the opinion constitute a proper foundation for reception of
  the opinion in evidence.

Appeal from Muskegon, Henry L. Beers, J. Submitted Division 3 October 8, 1969, at Grand Rapids. (Docket No. 4,165.) Decided October 27, 1969. Application for leave to appeal filed April 27, 1970.

Charles Underwood was convicted by a jury of breaking and entering with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Fredric A. Grimm, Jr.,* Assistant Prosecuting Attorney, for the people.

*Carl S. Krueger,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. Defendant, Charles Underwood, was convicted by a jury of breaking and entering with

REFERENCE FOR POINTS IN HEADNOTE
31 Am Jur 2d, Expert and Opinion Evidence § 36 *et seq.*

intent to commit larceny. MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).

On appeal he contends there were irregularities in proceedings; that he was not represented by counsel at arraignment, the complaint was illegally sworn out, the prosecutor and a police officer resorted to trickery to obtain a conviction, and paint samples taken from defendant's clothing were erroneously and prejudicially introduced into evidence.

Although defendant alleges and argues four issues on appeal, only one is properly before this Court. The issues concerning the warrant, counsel, and trickery were not raised for consideration of the trial court, and in view of the record they will not be considered. *People* v. *Matteson* (1937), 280 Mich 218; *People* v. *Huey* (1956), 345 Mich 120; *People* v. *Elliot* (1948), 322 Mich 313; *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Dodson* (1967), 9 Mich App 123, 127.

Regarding the introduction of the paint samples from defendant's clothing, the police officer stated the facts upon which his opinion was founded, and described and explained the reasons or grounds for his opinion. (See 4 Callaghan's Michigan Pleading & Practice, § 36.436.)

The testimony elicited from the officer at the trial clearly demonstrated that a proper foundation was laid for the reception of the paint samples into evidence and of the police officer's opinion.

Affirmed.