### TOWNSHIP OF CRYSTAL LAKE v. HENNING

APPEAL AND ERROR—PRESERVING QUESTION.
   The Court of Appeals will not consider objections not raised in
   the trial court before appeal unless there is a showing of a
   miscarriage of justice.

Appeal from Benzie, William R. Peterson, J. Submitted Division 3 January 7, 1970, at Grand Rapids. (Docket No. 5,629.) Decided February 23, 1970. Rehearing denied April 14, 1970.

David N. Henning was convicted of a violation of Crystal Lake Township's zoning ordinance. Defendant appeals. Affirmed.

*David N. Henning,* in propria persona.

Before: BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Defendant was arrested on a warrant for violation of plaintiff township's zoning ordinance restricting land use in that he had placed a mobile home on his land, contrary to the ordinance. The case was initially heard before a justice of the peace and defendant was found guilty and ordered to remove the mobile home within seven days, or to serve ten days in jail in lieu of which he might pay a

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.

$50 fine. Defendant appealed to the Benzie county circuit court where the case was tried *de novo* on the merits. The circuit court concurred in the decision of the justice court, placing defendant on probation and assessing court costs, with a further provision that the mobile home be removed within 20 days. The only issue presented by defendant in the circuit court concerned the constitutionality of the zoning ordinance. The trial court found that the ordinance was reasonable and constitutional and defendant does not challenge that finding on appeal. Instead, he contends that the circuit court was without jurisdiction to hear the case because of allegedly improper service of process and other procedural errors.

The record indicates that defendant was personally present during all of the lower court proceedings. He was given a fair and impartial trial concerning the issue which he presented, the constitutionality of the zoning ordinance.

Defendant seeks to raise ten issues on appeal. Yet, none are properly before this court. The issues concerning the warrant and jurisdiction of the court were not raised for the consideration of the trial court, and in view of the record, they will not be considered on appeal. *People* v. *Matteson* (1937), 280 Mich 218; *People* v. *Huey* (1956), 345 Mich 120; *People* v. *Elliot* (1948), 322 Mich 313; *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Dodson* (1967), 9 Mich App 123, 127; *People* v. *Underwood* (1969), 19 Mich App 509.

Having found no miscarriage of justice on this record, we affirm. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.