PEOPLE *v.* KELLY

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSEMENT—PURPOSE.

   The underlying reason for requiring that all *res gestae* witnesses must be indorsed is to enable a defendant to be protected against a false accusation.

2. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—TRANSPORTING OFFICERS.

   Police officers who merely transport a defendant from the place of his arrest to the police station are not *res gestae* witnesses, because they are not necessary to enable the defendant to be protected against a false accusation.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 May 10, 1971, at Lansing. (Docket No. 9088.)   Decided May 25, 1971.

George Kelly was convicted of carrying a concealed weapon.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl L. Bekofske,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  41 Am Jur 2d, Indictments and Informations §§ 56, 60.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. This is an appeal as of right from a jury conviction on a charge of carrying a concealed weapon. MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

Defendant was sentenced to a prison term of 4-1/2 to 5 years.

Defendant contends on appeal that reversible error was committed because two police officers who transported him to the station after his arrest were not indorsed as *res gestae* witnesses. He also argues that the trial court should have held a hearing to determine whether or not the officers were *res gestae* witnesses.

In *People* v. *Bartlett* (1945), 312 Mich 648, the Court stated, in quoting from *People* v. *Kayne* (1934), 268 Mich 186, 194, the underlying reason for the requirement that all *res gestae* witnesses must be indorsed:

"His (the witness') position in regard to the facts was not such as to make him a necessary witness for the prosecution *to enable defendant to be protected against a false accusation.*"

It is difficult to imagine how the transporting officers could have been necessary "to enable defendant to be protected against a false accusation". Neither were eyewitnesses to the crime. The only eyewitness was the arresting officer. Furthermore, the offense and the arrest had already occurred and the suspect was in custody by the time these officers arrived at the scene. The two transporting officers were not *res gestae* witnesses.

Defendant made no request to the trial court for

a hearing to determine whether the officers were *res gestae* witnesses.

Issues raised for the first time on appeal will generally not be considered by this Court. *People* v. *Jury* (1966), 3 Mich App 427; *People* v. *Bradley* (1966), 4 Mich App 660.

Affirmed.