STATE v. JAMES GEORGE BOERNER.

127 N. W. (2d) 555.

April 3, 1964—No. 39,227.

*Dorsey, Owen, Marquart, Windhorst & West, Keith A. Libbey, Henry Halladay,* and *Bernard G. Heinzen,* for appellant.

*Walter F. Mondale,* Attorney General, *William B. Randall,* County Attorney, and *Thomas M. Quayle,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

The appeal is from a judgment of conviction for indecent assault.

A physician associated with Ancker Hospital in St. Paul, but not qualified as a bacteriologist, was called as a witness by the state. After testifying that he had examined the complaining witness on the morning after the alleged offense and secured from her person material which was sent to the laboratory for analysis, he was permitted, over objection by defendant's counsel, to recite reported laboratory findings to the effect that the analysis disclosed the presence of sperm. A second laboratory study, he said, was made about a week later in an effort to resolve doubt as to the presence of gonococci. At this stage, the witness, unaware or unmindful of the medical privilege,[1] related that he "looked up the record of the person who was supposed to have had sexual contact with the child and found he had gonorrhea at some time before." For this reason, he continued, he treated the alleged victim with penicillin. Later, in response to a series of questions by the prosecuting attorney, this witness gave a detailed description of the effects of gonorrhea upon a female if treatment is not provided.

The prejudicial effect of such evidence is obvious. Gonorrhea is a loathsome disease.[2] The assertion, based on hearsay, that defendant had received treatment for it at some time previous to the time when the crime was allegedly committed was irrelevant to the issues involved in the case.[3] There was no evidence that defendant was afflicted with the disease at the time of the crime of which he was charged. A laboratory technician examined the specimens taken on January 22, 1963, and related her findings but the "slide" analyzed was not available for examination by the defense. Defendant's efforts to establish another possible source of gonococci were restricted.

---

[1] Minn. St. 595.02(4).

[2] See, Annotation, 45 A. L. R. 1115.

[3] There are circumstances where such evidence can be relevant. See, State v. Mason, 152 Minn. 306, 189 N. W. 452; 75 C. J. S., Rape, § 64; 44 Am. Jur., Rape, § 75; People v. Elliott, 322 Mich. 313, 33 N. W. (2d) 811; People v. Lammers, 108 Cal. App. (2d) 279, 238 P. (2d) 667.

While the trial judge, at the close of the testimony, ordered that "all the testimony that has been produced in this case relating to the presence of the disease known as gonorrhea, or the germ gonococci is stricken from this record" and instructed the jury to disregard it, we do not believe this was sufficient to remedy the situation.[4]

During cross-examination of the complaining witness, the defendant's attorney requested inspection of prior written statements taken from her. The request was denied and error is asserted on this ground. Upon retrial, it is probable that the trial judge will, if properly requested, examine the prior statements to determine whether they contain assertions inconsistent with relevant testimony given by the witness and, if so, permit such examination and use of the prior statements as may be proper under the circumstances. We do not attempt now to define the situations, if any, where defendant has an absolute right to use such prior written statements.

The evidence was adequate to sustain the verdict of guilty even though the dissension between the defendant and the mother of the complaining witness, flaring at the time charges were made, dictates cautious evaluation of it.

We conclude that a new trial is compelled. Upon remand, the district court will consider defendant's application to be released on bail.

Reversed and remanded.

---

[4] See, State v. Reardon, 245 Minn. 509, 73 N. W. (2d) 192.