STATE v. JOSEPH HENRY HEBERT.

202 N. W. 2d 884.

December 8, 1972—No. 43088.

*C. Paul Jones,* State Public Defender, and *Mark Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant, convicted by a jury of two counts of unlawful sale of a narcotic drug, Minn. St. 1969, §§ 618.01, 618.02, 618.21, subd. 1, contends on this appeal that the trial court erred in permitting the prosecution to introduce evidence of a similar sale by defendant a week prior to the date of the charged offense,[1] and in instructing the jury on the use of this evidence.

The evidence of the similar sale by defendant a week prior to the date of the charged offense was admissible, if at all, under the "common scheme or plan" exception to the exclusionary rule, and it was under that exception that the prosecution introduced the evidence. Defendant now contends that the exception has no application to the facts of this case. We do not decide this issue because defendant failed to object to the introduction of the evidence at trial and therefore waived his right to raise that issue on appeal. State v. Taylor, 270 Minn. 333, 133 N. W. 2d 828 (1965).

In instructing the jury with reference to the evidence of the prior sale, the trial court referred not to the "common scheme or plan" exception but to the "intent" exception. The state agrees with defendant's contention that this was error because intent is not an element of the crime involved. But, again, defendant did not object to this instruction. Had he done so, the trial court would have had an opportunity to consider the matter more carefully and correct itself. Although we need not do so in order to dispose of the appeal, we make the observation that the instruction in question could not have prejudiced defendant's case because (a) it had the effect of putting the state to a greater burden of proof than required, something of which defendant cannot complain; and (b) the trial court cautioned the jury in detail against using the evidence for any improper purpose.

Affirmed.

---

[1] The state gave a proper Spreigl notice to defendant of its intention to use evidence of the previous sale. See, State v. Spreigl, 272 Minn. 488, 139 N. W. 2d 167 (1965).