## STATE v. ODDIS D. DICKSON.

209 N. W. 2d 785.

July 27, 1973—No. 43813.

*C. Paul Jones,* State Public Defender, and *Jack S. Nordby,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney; and *Theodore R. Rix, Michael McGlennen,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant was convicted of the crimes of aggravated rape, aggravated assault, and indecent liberties, and he appeals from the judgment of conviction. He does not claim that the evidence was insufficient to support the finding of guilt but asserts three errors in the trial as prejudicial.

Defendant contends that the introduction into evidence of a police photograph impermissibly conveyed to the jury that he had a prior criminal record. A fair reading of the direct examination of the investigating officer indicates that the officer merely described it as a photograph taken *after* defendant's arrest. The alleged victim testified that she had readily identified that photograph, and further, at trial, she positively identified defendant as her assailant. Subsequent cross-examination by defense counsel injected a question as to what such photographs are called, and it was only then that reference was made to it as being the "[s]ame thing they call mug shots on TV." When defendant himself testified, no inquiry was made concerning any prior criminal record.

Defendant, asserting that he suffered from gonorrhea, undertook to prove the medical probability that, if he had had sexual intercourse with the alleged victim, the disease would have been communicated to her. Defendant admitted that he had a steady girl friend with whom he cohabited and with whom he was frequently intimate but that she did not have the disease. There was never a definitive medical diagno-

sis that he had the disease, the evidence being only that when he complained of it during his pretrial confinement he was routinely treated with medication without any effort to fully diagnose his ailment. The physician who had prescribed the medication for defendant had testified at trial, but defense counsel did not put any such question to that witness. Instead, he tendered as a witness a young physician whose experience consisted of a 1-year internship following graduation from medical school and a 3-month residency in which he was exposed to 30 or 40 cases of venereal disease. The trial court ruled that the witness was not qualified as an expert to give that opinion. The sufficiency of the foundation to qualify a witness as an expert, as we said in Swanson v. Chatterton, 281 Minn. 129, 136, 160 N. W. 2d 662, 667 (1968), is "primarily a question for the determination of the trial court, which we will reverse only if it is clearly wrong." We conclude that the trial court was not clearly wrong and, in any event, the excluded evidence was without prejudice under the circumstances.

Defendant contends that the prosecutor's closing argument was improper and prejudicial, most seriously as it "challenged the integrity of anyone who would not vote for a verdict of guilty even though not convinced of the defendant's guilt." The prosecutor told the jury:

"If you do meet with some resistance by some one among you to what the view is of the majority of you, in other words, if there is a pocket minority, someone, as occasionally happens, becomes—takes a stubborn posture in the course of the deliberations and says, 'Well, I'll sit here all night because I'm not convinced,' I guess I am just going to suggest to you that you don't become intimidated by that kind of declaration by anybody because it destroys the integrity of the process for you as judges to be intimidated by a fellow juror."

This argument would have better been left to the trial court, which did more properly instruct the jury on the same point:

"It is your duty to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of all the evidence with your fellow jurors.

"In the course of your deliberations do not hesitate to re-examine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict."

488

We have no difficulty in concluding that the argument, considered as a whole and in the context of the trial court's own instructions, did not infect the jury's verdict. The jury in fact deliberated only a short time, a result not surprising in terms of the overwhelming evidence of the defendant's guilt.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.