## STATE v. CHARLES LEE CHRISTIAN.

244 N. W. 2d 284.

July 16, 1976—No. 46222.

*Connolly & Heffernan* and *John S. Connolly*, for appellant.
*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

PER CURIAM.
Defendant was found guilty by a district court jury of ag-

gravated robbery, Minn. St. 609.245, and was sentenced by the trial court to a term of 3 to 20 years' imprisonment, Minn. St. 609.11 and 609.245. On this appeal from judgment of conviction defendant contends that the lineup at which he was identified was suggestive, that there was as a matter of law insufficient evidence on the identity issue, and that the trial court erred in instructing the jury that positive identification was not needed. We affirm.

The test which must be applied in cases such as this when identification procedures are challenged on due process grounds is whether the procedures created a substantial likelihood of misidentification. Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). In this case we are satisfied that the lineup which the police used did not create a substantial likelihood of misidentification. The lone eyewitness had already selected defendant's picture from a group of pictures and the lineup was merely a confirmatory one. Further, the witness had an adequate opportunity to observe the robbers, defendant fit closely the description the witness gave of one of the robbers, the witness was positive in his identification of defendant, and defendant had access to a car similar in description to the one used as a getaway car. These same factors support our conclusion that there was sufficient evidence on which the jury could base its verdict.

The only other issue relates to the trial court's instructions. The trial court instructed the jury that identification need not be certain if the witness bases it upon his belief, opinion or judgment but informed the jury that it could consider any witness uncertainty in determining how much weight to give to his testimony. We believe that such a charge is proper where, as here, it is coupled with a cautionary instruction informing the jury of the factors which they may consider in evaluating eyewitness identification testimony and where the court, as here, makes it clear that the state must prove identity beyond a reasonable doubt. State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969); State v. Walters, 262 Minn. 26, 113 N. W. 2d 468 (1962).

Affirmed.