STATE v. ROBERT LEE ARMSTRONG.

249 N. W. 2d 176.

December 17, 1976—No. 45852.

*C. Paul Jones*, State Public Defender, and *Robert E. Oliphant*, Special Assistant Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, David W. Larson, Lee Barry*, and *Phebe Haugen*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. St. 609.245, and was sentenced by the trial court to a maximum indeterminate term of 20 years' imprisonment. On this appeal from judgment of conviction defendant contends that (1) the trial court erred in permitting an eyewitness to the crime to identify him, because the identification resulted from suggestive identification procedures; (2) the trial court erred in admitting into evidence blood samples taken from defendant and the victim, because the state did not prove continuous chain of possession; (3) the trial court erred in refusing a requested instruction specifically informing the jury that it could not convict unless it was convinced beyond a reasonable doubt of the identification of the accused; and (4) the evidence was as a matter of law insufficient to prove that a robbery was committed or that defendant committed it. After careful consideration of the appeal, we affirm.

Defendant's contention that his identification by an eyewitness resulted from a suggestive confrontation is based on the fact that no lineup was held and that this witness's original identification of defendant was made at the preliminary hearing. It appears that defendant did not challenge his identification on this ground in the trial court, and he therefore waived the right to raise the issue on appeal. We have nonetheless examined the record carefully and do not believe there is any substantial likelihood of irreparable misidentification. See, Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972).

There is no merit to defendant's contention that the trial court abused its discretion in determining that the prosecutor complied with the chain-of-custody rule with respect to blood samples taken from defendant and the victim for comparison purposes. See, State v. Johnson, 307 Minn. 501, 239 N. W. 2d 239 (1976).

Defendant's third contention is that the court erred in refusing to give the last sentence of the following requested instruction:

"I caution you against the automatic acceptance of identification evidence. In determining whether you wish to attach any weight to the identification of any witnesses you should consider certain factors, such as, the opportunity of the witness to see the individual he is attempting to identify, the length of time that the person was in the witnesses view, the stress that the witness was under at the time, and the lapse of time between the event and the identification. Unless you are convinced, beyond a reasonable doubt, of the identification of this accused

as the alleged perpetrator of the acts involved in this case, you should find him not guilty."

The trial court properly gave the first part of the requested instruction, which was based on our decision in State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969). But we believe the court justifiably refused to give the last sentence, because when read in connection with the first part of the instruction it seems to require that the jury be convinced beyond a reasonable doubt of the accuracy of the eyewitness's identification of defendant, even though there may be other evidence connecting him to the crime. The correct rule is that eyewitness identification evidence need not be certain but that the state must prove identity beyond a reasonable doubt. See, State v. Christian, 309 Minn. 393, 244 N. W. 2d 284 (1976), State v. Meldahl, 310 Minn. 136, 245 N. W. 2d 252 (1976).

Finally, there is no merit to defendant's contention that there was as a matter of law insufficient evidence that there was a robbery or that defendant committed it.

Affirmed.