**STATE of Minnesota, Respondent,**

v.

**James Vernon HOFMASTER, Jr., Appellant.**

**No. 48472.**

Supreme Court of Minnesota.

Nov. 2, 1979.

C. Paul Jones, Public Defender, and Linda Matthews Britton, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Scott Hill, County Atty., Faribault, for respondent.

KELLY, Justice.

This prosecution arose out of two separate but related assaults committed by defendant on June 11, 1977, at a bar in Faribault. Defendant was originally charged with three counts for stabbing his wife—attempted murder in the second degree, aggravated assault by intentionally inflicting great bodily harm, and aggravated assault with a dangerous weapon but without inflicting great bodily harm—and one count of aggravated assault with a dangerous weapon for an assault committed on a patron of the bar. The trial was bifurcated pursuant to Rule 20.02, subd. 6, Rules of Criminal Procedure. The jury found defendant guilty of two counts of aggravated assault, one for intentionally inflicting great bodily harm upon his wife, one for assaulting the patron with a dangerous weapon. The trial court sentenced defendant to prison terms of 10 and 5 years with sentences to run consecutively. Issues raised by defendant on this appeal are (1) whether the prosecutor committed prejudical error in eliciting, during the second part of the trial, evidence of defendant's postarrest silence, (2) whether the trial court erred in refusing to submit simple assault as a lesser-included offense of the three charges based on the attack on his wife, and (3) whether the trial court committed prejudical error in any of the instructions. We affirm.

1. Defendant's main contention relates to the elicitation of the evidence at the second phase of the trial that when he was arrested he exercised his right to silence.

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that a prosecutor's use of a defendant's postarrest silence to impeach his exculpatory testimony at trial violated due process. In reaching this result the Court stated that "every post arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested." 426 U.S. 617, 96 S.Ct. 2244. Moreover, the Court noted that an assurance that silence will carry no penalty and will not be used against a defendant is implicit to any person who receives a *Miranda* warning, and that it would therefore be unfair to use the silence to impeach

a defendant's exculpatory statements at trial.

In this case defendant testified during the second phase of the trial that he was drunk at the time he committed the acts in question. On cross-examination defendant was asked a series of questions designed to test his memory of the evening, including a question, not objected to, about whether he remembered saying at booking that he did not want to answer questions. The state, again without objection, later elicited evidence from one of its own witnesses, a policeman, that, among other things, defendant said he did not understand the *Miranda* warning and asked that it be reread and that, after hearing it again, he said he was not going to say anything.

The state in its brief does not disagree with defendant's contention that the prosecutor erred in eliciting this testimony concerning defendant's postarrest silence but argues (a) that the issue was not preserved because defendant did not object to the testimony or seek curative instructions, and (b) that, in any event, the testimony was not prejudicial.

We agree on both counts. However, we wish to make it clear that our decision should not be read as meaning that we agree that error was committed. That is an issue we need not decide, but we note that there are possibly valid arguments which one could make in support of the admission of this evidence. *Doyle* apparently would not preclude this type of testimony under any and all circumstances.[1]

2. Defendant's next contention is that the trial court erred in refusing to submit simple assault as a possible verdict for defendant's stabbing of his wife.

The rule is that the trial court has to submit a lesser-included offense only if there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense. *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975).

In this case defendant contends that the jury might rationally have concluded that defendant inflicted bodily harm but that it was not great bodily harm and that therefore simple assault would have been an appropriate verdict. The trouble with this argument is that it is clear from the record that a knife was used in the assault so that any finding that defendant's wife did not sustain great bodily harm would not have mandated a verdict of simple assault but rather a verdict of assault with a dangerous weapon without inflicting great bodily harm. In other words, if defendant was guilty of an assault, it was of one of the more serious forms covered by Minn.Stat. 609.225, subds. 1 and 2. *LaMere v. State*, 278 N.W.2d 552 (Minn.1979); *State v. Norlander*, 277 Minn. 463, 152 N.W.2d 774 (1967).

3. Defendant's final contention is that the trial court's instructions were inadequate. Defendant makes a number of specific arguments in support of this contention. We need not discuss the arguments in detail. Suffice it to say, defendant did not object to the instructions which he now challenges and our examination of the instructions does not reveal that any fundamental error was committed. Although the instructions arguably were not model instructions, they were adequate.

Affirmed.

1. The Court in *Doyle* stated in a footnote that the fact of postarrest silence can be used to challenge a defendant's testimony as to his behavior following arrest, as where a defendant testified as to an exculpatory version of events and claims to have told the police the same version on arrest. 426 U.S. 610, 619, n. 11, 96 S.Ct. 2240, 49 L.Ed.2d 91. And, see, *State v. McCullum*, 289 N.W.2d 89 (Minn.1979). In this case the defendant claimed he was mentally ill at the time as a result of his drunkenness and the evidence was offered to challenge defendant's testimony as to his behavior—that is, his condition—following his arrest shortly after the crimes were committed.

Second, there was a bifurcated trial in this case and the issue of whether defendant had committed the acts in question had already been decided. The evidence challenged on appeal was admitted during the second phase of the trial at which evidence of defendant's mental state was being considered. Arguably, the *Doyle* rule should not apply during this phase of a bifurcated trial.