**STATE of Minnesota, Respondent,**

v.

**Luis Antonio SERNA, Appellant.**

No. 49725.

Supreme Court of Minnesota.

March 14, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

OTIS, Justice.

This is an appeal from a judgment of conviction for criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1978), sexual penetration of a complainant who is under thirteen years of age by a defendant who is more than thirty-six months older than complainant. We affirm.

On the evening of August 7, 1978, defendant, then twenty-eight, picked up three young children, a boy and two girls, who were living in the apartment building in which he was staying. He drove them to an area near the Mississippi River and to a park near the school which the girls attended. While at these locations he accomplished sexual penetration of one of the girls, then eleven years old.

■ 1. Defendant's first contention is that the police violated his Fourth Amendment rights when, after learning that defendant was the person who committed the offense, they seized and impounded his vehicle without a warrant. The car was then shown to the girls and to one of the mothers. A search of the car pursuant to a warrant disclosed a photograph of defendant in the nude which he had shown the complainant when the offense against her was committed.

The state justified the warrantless seizure and impoundment on the theory the vehicle was an instrumentality of the crime. Many cases discuss the so-called *Carroll-Chambers* doctrine,[1] which deals with the warrantless seizure and search of automobiles believed to contain evidence of a crime. The United States Supreme Court, however, has not clearly articulated the scope of the "instrumentality" doctrine, which applies to those cases where the vehicle itself is evidence rather than to situations where the vehicle contains the evidence which the state seeks to introduce.[2]

Here the police acted without a warrant only to seize and tow the car, display it to the complainant and others, and photograph its exterior. There was no warrantless intrusion into the owner's privacy by searching the interior of the car. Instead there was an interference with his possession under circumstances where it was clear he would be arrested and denied further access to his car. As in *Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974), defendant had no reasonable expectation of privacy in the exterior of the car, since he had left it parked on a public street.

---

1. *See Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

2. *See* 2 W. LaFave, *Search and Seizure*, § 7.3(a) (1978); Moylan, *The Automobile Exception: What It Is and What It Is Not—A Rationale in Search of a Clearer Label*, 27 Mercer L.Rev. 987, 1053 (1976).

2. Defendant asserts it was error to receive in evidence so-called "mug shots," including one of defendant, shown to the girls the day after defendant was arrested. He argues it suggested that defendant had been involved in prior criminal conduct. While we do not approve of this procedure, here there was no real issue as to the identity of the offender. Moreover, the evidence did not necessarily suggest that defendant had a prior record since the pictures were shown to the girls the day after defendant was arrested and, absent evidence to the contrary, the jury could infer the picture of defendant was taken at the time of his arrest. In any event, the evidence of defendant's guilt was so overwhelming that any error in this regard was without prejudice. *State v. Madison,* 281 Minn. 170, 160 N.W.2d 680 (1978).

3. Defendant's contention that the prosecution should not have disclosed that the police gave defendant a *Miranda* warning before they questioned him is without merit.

The state cannot elicit such evidence unless, as here, it is intended to serve as the foundation for admitting statements made by the defendant. *State v. Combs,* 292 Minn. 317, 322, 195 N.W.2d 176, 179 (1972); *State v. Beck,* 289 Minn. 287, 292, 183 N.W.2d 781, 783–84 (1971). *See also State v. Hofmaster,* Minn., 288 N.W.2d 218 (1979). Furthermore, defense counsel

failed to object, and therefore we decline to consider the issue on appeal.

4. Finally, appellant contends that the trial court erred in admitting, over objection, complainant's statements to an examining doctor and a nurse that an act of fellatio had occurred, since complainant testified only to acts of vaginal intercourse and cunnilingus. The evidence was received pursuant to Minn.R.Evid. 803(4), which permits disclosure of statements made for diagnosis or treatment. Defendant argues, however, that its admission was a violation of his right to confront witnesses. Under other circumstances there might be merit to this contention. However, the complainant testified at the trial. Although her testimony preceded that of the doctor and nurse, she was available for cross-examination by defense counsel concerning the statements.[3]

Accordingly we hold that the statements received in evidence, which were made by complainant in the course of medical examination and treatment, did not deny defendant any constitutional right.

Affirmed.

---

**3.** *See Mancusi v. Stubbs,* 408 U.S 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). *See also* Westen, *Confrontation and Compulsory Process: A* *Unified Theory of Evidence for Criminal Cases,* 91 Harv.L.Rev. 567 (1978).