**STATE of Minnesota, Respondent,**

v.

**John Leslie ANDERSON, Appellant.**

**No. 49916.**

Supreme Court of Minnesota.

March 14, 1980.

C. Paul Jones, Public Defender, and Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, David W. Larson, Thomas A. Weist, and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

Considered and decided by the court en banc without oral argument.

KELLY, Justice.

Defendant was found guilty by a district court jury of aggravated assault, Minn.Stat. § 609.225, subd. 2 (1978), for stabbing another person during an argument on Hennepin Avenue in downtown Minneapolis, and was sentenced by the trial court to a prison term of 1 year and 1 day to 5 years. On this appeal from judgment of conviction, defendant contends (1) that his conviction should be reversed outright on the ground that the state failed to meet its burden of proving that the stabbing was unjustifiable or (2) that he should at least be given a new trial on the ground that (a) the prosecutor committed prejudicial misconduct in his closing argument and (b) the trial court's instruction on assault with a dangerous weapon was confusing and erroneous. We affirm.

■ There is no merit to the claim of insufficiency of the evidence. The state's witnesses testified that the incident began when defendant reopened what had been a verbal dispute not even involving him and that defendant unjustifiably drew a knife and began waving it at the victim and another person who tried to help the victim knock the knife away from defendant. The state's evidence, which the jury was free to credit, indicated that the stabbing occurred when the victim tried to back away from defendant in order to give defendant a chance to retreat, but defendant, instead of retreating, lunged at the victim and stabbed him.

■ Defendant's claim of prosecutorial misconduct relates to the prosecutor's alluding during his closing argument to the fact that the T-shirt, which defendant was wearing at the time of the assault, bore the words "Soul Patrol" on the front and "To Serve and Protect" on the back. Defendant argues that the prosecutor's comments were improper in the same manner as the comments of the prosecutor on the defendant's clothing in *State v. Carlson*, 268 N.W.2d 553 (Minn.1978), where we reversed a conviction in part because of improper allusion by the prosecutor to the fact that the defendant there was wearing a jacket with a motorcycle club insignia on it. Here, unlike in *Carlson*, we do not reach the issue because defense counsel, by failing to object at trial, forfeited defendant's right to have this court consider the issue on appeal.

■ The only other issue relates to the fact that the trial court, when initially defining the elements of assault with a dangerous weapon, instructed the jury that they could not find defendant guilty unless they also found that great bodily harm had been inflicted. It appears that someone informed the court that this was not an element of assault with a dangerous weapon, and the court then restated the elements of the crime, omitting the part about the necessity of great bodily harm having been inflicted.

Again, defense counsel by failing to object forfeited defendant's right to have this court consider this issue on appeal. In any event, the error, if anything, helped defendant by making it more difficult to convict

him. The rule is that an erroneous instruction which puts the state to a greater burden of proof than required is not something of which the defendant can complain. *State v. Hebert*, 295 Minn. 522, 202 N.W.2d 884 (1972).

Affirmed.