STATE of Minnesota, Respondent,

v.

Danue E. KNIGHT, Appellant.

No. 50304.

Supreme Court of Minnesota.

July 3, 1980.

Thomson & Nordby, Douglas Thomson and Jack S. Nordby, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of charges of burglary, Minn. Stat. § 609.58, subd. 2(1) (1978) (burglary of a dwelling with perpetrator committing assault on person within dwelling), and criminal sexual conduct in the first degree, Minn. Stat. § 609.342(c) (1978) (sexual penetration accomplished by causing complainant to have reasonable fear of imminent great bodily harm), and the trial court sentenced defendant to two concurrent prison terms of 20 years each. On this appeal from judgment of conviction defendant challenges (a) the use of his two prior felony convictions to impeach his credibility, (b) the admission of evidence stating that he exercised his Fifth Amendment right to silence when first questioned by the police, (c) the admission of eyewitness identification testimony, and (d) the adequacy of the trial court's instruction on eyewitness identification testimony. We affirm.

Evidence of defendant's guilt—the adequacy of which defendant does not challenge on appeal—was overwhelming, consisting of positive identification testimony by the victim and strong evidence corroborating her testimony.

■ Defendant does challenge the admission of the eyewitness identification testimony, claiming that the lineup was impermissibly suggestive in that defendant was the only person whose photograph the complainant had seen. If complainant had not positively identified defendant's photograph in a photographic display, defendant's objection might have some validity. *See State v. Witt*, 310 Minn. 211, 213, 245 N.W.2d 612, 615 (1976). However, complainant had positively identified defendant's photograph in a photographic display and the lineup was merely a confirmatory lineup.

■ Defendant also contends that the trial court prejudicially erred in permitting the prosecutor to use defendant's prior felony convictions—one for second-degree manslaughter, the other for possession of more than 1.5 ounces of marijuana—to impeach defendant's credibility. Employing the analysis recommended in *State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978), we conclude that the trial court did not clearly abuse its discretion in permitting the impeachment, and accordingly we must sustain the trial court's ruling. *Id., State v. Brouillette*, 286 N.W.2d 702 (Minn.1979).

■ A related contention of defendant is that the prosecutor improperly questioned defendant about whether the manslaughter offense involved a shooting which led to the victim's death. An objection to this question was properly sustained on the ground that it exceeded the scope of cross-examination by the prosecutor when eliciting evidence of a prior conviction. *State v. Norgaard*, 272 Minn. 48, 136 N.W.2d 628 (1965). We conclude that defendant was not prejudiced by the question.

■ Defendant also argues that the prosecutor improperly elicited evidence that defendant fled the jurisdiction after committing the act which led to the manslaughter conviction, but we do not address the merits of this contention because defense counsel did not object to this question and defendant is therefore deemed to have forfeited the issue.

Similarly, defense counsel did not object to the prosecutor's elicitation, on rebuttal, of evidence that when police first questioned defendant about the offense with which we are concerned defendant refused to talk. While we therefore need not address the issue, we note that the prosecutor may have been justified in eliciting the evidence in order to correct an erroneous impression that defendant created when he testified. *State v. McCullum*, 289 N.W.2d 89 (Minn.1979); *State v. Hofmaster*, 288 N.W.2d 218 (Minn.1979); *State v. Hjerstrom*, 287 N.W.2d 625 (Minn.1979).

■ Defendant's final contention, relating to the adequacy of the trial court's instruction on eyewitness identification testimony, is answered by our decision in *State v. Christian*, 309 Minn. 393, 244 N.W.2d 284 (1976), among others. There we held that the trial court may properly instruct the jury that a witness' identification of a defendant need not be certain if the witness bases it upon his belief, opinion or judgment, provided the court informs the jury that it may consider any uncertainty in determining how much weight to give to the witness' testimony and provided the instruction is coupled with (a) a cautionary instruction informing the jury of the factors bearing on eyewitness identification and (b) a statement which makes it clear that the state must prove identification beyond a reasonable doubt. Here the trial court's instruction, when read in its entirety, was adequate to inform the jury of these matters.

Affirmed.