STATE of Minnesota, Respondent,

v.

Bill C. KINYON, Appellant.

No. 51002.

Supreme Court of Minnesota.

Jan. 30, 1981.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, for respondent.

## OPINION

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of sale of methamphetamines and was sentenced by the trial court to a maximum prison term of five years. On this appeal from judgment of conviction defendant contends that his conviction should be reversed outright because the evidence of his guilt was legally insufficient, or that he should be given a new trial because the trial court erroneously denied a defense motion to prohibit the prosecutor from cross-examining defendant, if he testified, concerning a prior conviction for felonious possession of marijuana and granted a jury request for the rereading of testimony. We affirm.

1. We find the evidence of defendant's guilt to be legally sufficient. The state's key witness, an undercover narcotics agent for the Minnesota Bureau of Criminal Apprehension, testified that while he was in a house purchasing drugs from the owner of the house he also purchased .7 grams of methamphetamines from defendant. The defense stipulated that the substance, which weighed .7 grams, was methamphetamines but denied that defendant sold the agent the substance. The agent's testimony, however, was positive and consistent, and this testimony was corroborated by a number of things, including (a) testimony that defendant was present in the house that night and therefore had the opportunity to commit the crime, (b) the admission into evidence of a business card which defendant gave the agent at the time, and (c) a "volunteered" statement, which defendant made at the time of his arrest, that he would probably be taking a "trip up the river on this one."

2. Defendant next contends that the trial court erroneously denied a pretrial defense motion to prohibit the prosecutor from cross-examining defendant, if he testified, about a prior conviction for felonious possession of marijuana.

Defendant had three prior felony convictions: one for criminal sexual conduct in the third degree, one for receiving stolen property, and one for possession of marijuana. The trial court granted defendant's motion to prohibit use of the conviction for criminal sexual conduct, and defense counsel conceded that it would be proper for the prosecutor to cross-examine defendant about the conviction for receiving stolen property. The prosecutor argued that he should be permitted to use the prior drug conviction for impeachment purposes, and as support for this he stated that the facts of the prior offense probably would be admissible on direct as relevant other-crime evidence showing identity, intent, motive, and common scheme or plan. The prosecutor stated that he did not intend to use the evidence on direct but that, if it were permissible for him to use it on direct, it followed that he should at least be able to use the fact of conviction to impeach defendant if he testified. The trial court agreed with this and denied the motion to prohibit use of the conviction for impeachment purposes.

Although the intended use of the prior possession conviction was for impeachment, the trial court apparently ruled on its admission as relevant other-crime evidence under Minn.R.Evid. 404(b) and did not make

the required determination that the probative value of the evidence exceeded its prejudicial effect. Minn.R.Evid. 609(a)(1). In light of the fact that one other conviction would have been admitted had defendant taken the stand, the error, if any, was harmless.

3. Defendant's only other contention is that the trial court abused its discretion in granting the jury's request to rehear the testimony of the state's key witness. We hold that the trial court did not abuse its discretion in granting the jury's request. Minn.R.Crim.P. 26.03, subd. 19(2); *State v. Spaulding*, 296 N.W.2d 870, 877–78 (Minn. 1980).

Affirmed.