STATE of Minnesota, Respondent,

v.

Donald F. ZERNECHEL, Appellant.

No. 51765.

Supreme Court of Minnesota.

April 17, 1981.

Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Mankato, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen, Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, John Corbey, County Atty., Mankato, for respondent.

TODD, Justice.

Defendant was charged with burglary, attempted criminal sexual conduct in the first degree, and criminal sexual conduct in the second degree, Minn.Stat. §§ 609.58, subd. 2(1)(b), 609.17, subd. 4, 609.342(c), 609.343(c) (1980), for allegedly entering a dwelling without consent of the female tenant and for having sexual contact with her and for attempting to sexually penetrate her after causing her to have a reasonable fear of imminent great bodily harm. A district court jury found defendant not guilty of the attempt charge but guilty of the burglary and the second-degree criminal sexual conduct. The trial court sentenced defendant to a limited maximum prison term of 5 years. Issues raised by defendant on his appeal from judgment of conviction relate to sufficiency of the evidence, use of one of defendant's prior convictions to impeach his credibility, propriety of the instructions on criminal sexual conduct, and adequacy of representation by defendant's trial lawyer. We affirm.

■ 1. Defendant's first contention is that the evidence was insufficient. The defense conceded that someone had unlawfully entered the complainant's apartment and that some sort of sexual assault had occurred but contended that defendant was not the intruder and that complainant's testimony failed to show that the intruder took a substantial step toward achieving sexual penetration or that complainant reasonably feared imminent great bodily harm. The jury agreed with the defense concerning the attempt, but disagreed on the other points. Our examination of the record satisfies us that the evidence was sufficient on those points. Complainant had an adequate opportunity to see the intruder and hear his voice and she immediately recognized him as defendant, who had lived in the apartment below hers as late as 3 weeks before the incident. We are also satisfied that the jury was justified in finding that complainant experienced fear of imminent great bodily harm and that, under all the circumstances, this fear was reasonable. *State v. Ashland*, 287 N.W.2d 649 (Minn.1979); *Peterson v. State*, 282 N.W.2d 878 (Minn.1979).

■ 2. Defendant's next contention concerns the trial court's decision to permit use of one of his prior convictions, a conviction for felonious possession of a controlled substance, to impeach him when he testified. The conviction "arguably had very little relevance to the truth-seeking process or to defendant's credibility as a witness," *State v. Taylor*, 264 N.W.2d 157, 157 (Minn. 1978), but our examination of the record satisfies us that defendant was not prejudiced by the admission of the evidence. *State v. Kinyon*, 302 N.W.2d 27 (Minn. 1981); *State v. Knight*, 295 N.W.2d 592 (Minn.1980).

■ 3. Defendant's contention that the trial court's instructions were misleading is based on the fact that the trial court instructed the jury on the definition of "force" when "force" was not an element of either of the sex charges. We are satisfied that the instruction, which was superfluous, did not mislead the jury and that the jury was fully aware of the elements necessary to conviction. *State v. Anderson*, 292 N.W.2d 735 (Minn.1980); *State v. Hebert*, 295 Minn. 522, 202 N.W.2d 884 (1972).

■ 4. Defendant's final contention is that his privately-retained trial attorney failed to represent him effectively. Generally, an appeal from a judgment of conviction, such as this, is not the most appropriate way of raising an issue concerning the effectiveness of the trial counsel's representation because we do not have the benefit of all the facts concerning why defense counsel did or did not do certain things. Defendant, aware of this, nonetheless contends that the record on this appeal mandates the conclusion that defense counsel failed to represent him adequately at trial. We hold otherwise.

Affirmed.