**STATE of Minnesota, Respondent,**

v.

**Howard E. RONO, Appellant.**

**No. 81–966.**

Supreme Court of Minnesota.

Aug. 31, 1982.

C. Paul Jones, Pub. Def., and Robert D. Goodell, Asst. Pub. Def., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Richard D. Hodsdon, Spec. Asst. Attys. Gen., St. Paul, Stephen Rathke, Co. Atty., Brainerd, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the second degree, Minn.Stat. § 609.222 (1980) (assault with a dangerous weapon). The trial court sentenced defendant to 54 months in prison[1]. On this appeal from judgment of conviction and from the order denying his post-trial motions, defendant contends (1) that the evidence was insufficient on the issue of intent, (2) that the trial court prejudicially erred in refusing to submit the lesser offense of reckless use of a dangerous weapon, Minn.Stat. § 609.66, subd. 1(1) (1980), and (3) that the trial court prejudicially erred in refusing to specifically instruct the jury that identification must be proved beyond a reasonable doubt and in refusing to give a cautionary instruction specifying the factors to be used in evaluating eyewitness identification testimony. We affirm.

On the evening of December 13, 1980, defendant and his wife began arguing with each other at a tavern north of Crosby. After his wife walked out of the bar and began walking to their house some two miles away, defendant got involved in an argument with the owner of the tavern, claiming that the owner was harboring defendant's wife in the owner's attached residential quarters. The owner told defendant to go home and he would probably find his wife there. Defendant left saying that if she was not home when he got there, he would return with a gun and shoot off the owner's head. A short time later, defendant was observed as he returned to the bar. After checking the front door of the bar and finding it locked, he got his gun out and fired it through the front window at close range. The owner and the customers by then had taken refuge in the residential part of the building. Defendant was arrested at his mother's house in Crosby a short time later and the shotgun used in the assault was seized in a consensual search of the house.

■ There is no merit to defendant's contention that the evidence was insufficient to establish the requisite intent to cause fear.

We do not decide whether reckless use of a dangerous weapon, Minn.Stat. § 609.66, subd. 1(1) (1980), is a necessarily included offense of assault with a dangerous weapon because it is clear that, in any event, the evidence failed to justify submission of the

---

1. The presumptive sentence for this offense (severity level VI) by one with defendant's criminal history score (one) is a stayed sentence with a duration of 26 months if sentence is imposed. However, this was defendant's second offense with a dangerous weapon and, therefore, under Minn.Stat. § 609.11 (1980), a minimum term of three years in prison is required. Under the Sentencing Guidelines, this translates into a 54-month term, with defendant being entitled to release from prison after three years or 36 months if he behaves well.

lesser offense. The state's evidence indicated that defendant intentionally shot at the bar to scare the people inside, whereas defendant's evidence, in the form of testimony by defendant's stepson, was that the stepson had fired the gun accidentally. Defense counsel did argue that if defendant fired the gun, he did so recklessly, not intending to scare the people inside the bar. However, the trial court was required to submit the lesser offense, if it was a necessarily included offense, only if the evidence reasonably warranted its submission. We conclude that the evidence did not reasonably warrant a not guilty verdict of the charged offense and a guilty verdict of the lesser offense on the ground argued by defense counsel.

■ Defendant's only other contention is that the trial court prejudicially erred in refusing to specifically instruct the jury that identification must be proved beyond a reasonable doubt and in refusing to give a cautionary instruction specifying factors to be used in evaluating eyewitness identification testimony. Cases bearing on this include *State v. Helterbridle*, 301 N.W.2d 545 (Minn.1980); *State v. Christian*, 309 Minn. 393, 244 N.W.2d 284 (1976); *State v. Bishop*, 289 Minn. 188, 183 N.W.2d 536 (Minn.1971); and *State v. Burch*, 284 Minn. 300, 170 N.W.2d 543 (1969). In a close case in which identification is in issue, it might be prejudicial error for the trial court to refuse to specifically instruct the jury that identification must be proved beyond a reasonable doubt and to refuse to give a cautionary instruction specifying the factors to be used in evaluating eyewitness identification testimony. However, in this case, our examination of the record convinces us that defendant was not prejudiced by the trial court's refusal to give the requested instructions.

Affirmed.