**Donald F. ZERNECHEL, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–210.

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, Donald F. Zernechel, pro se, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John F. Corbey, County Atty., Mankato, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Donald Frederick Zernechel, age 31, from an order of the Blue Earth County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Early on April 23, 1980, petitioner unlawfully entered the apartment of a woman and sexually assaulted her. A district court jury found petitioner guilty of burglary and criminal sexual conduct in the second degree under Minn.Stat. §§ 609.58, subd. 2(1)(b) and 609.343(c) (1980). The trial court sentenced petitioner to 5 years in prison. Petitioner's conviction was affirmed in *State v. Zernechel*, 304 N.W.2d

365 (Minn.1981). His current target release date is May of 1983 and his current expiration date is November of 1983.

Both the burglary offense and the sex offense are severity level VII offenses. If the Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been three. The presumptive sentence for a severity level VII offense by a person with a criminal history score of three is 49 (45–53) months in prison. Petitioner seeks resentencing to a term of 45 months in prison. If petitioner were resentenced to such a term, he would be entitled to be released from prison in December of 1982 and his sentence would expire in March of 1984. However, if petitioner were resentenced to a term of 53 months in prison, he would not be entitled to be released from prison until May of 1983 and his sentence would not expire until November of 1984.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism. He apparently also has refused to participate in appropriate treatment programs. Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that he failed to meet his burden.

There also is no merit to petitioner's contention that he was denied due process of law in the postconviction proceedings.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.