**Danue Ervin KNIGHT, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–1075.

Supreme Court of Minnesota.

Dec. 17, 1982.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Danue Ervin Knight, age 41, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resen-

tencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1979 of burglary and criminal sexual conduct in the first degree and was sentenced to two concurrent 20-year prison terms. His convictions were affirmed in *State v. Knight,* 295 N.W.2d 592 (Minn.1980). Although the sufficiency of the evidence of petitioner's guilt was not an issue on appeal, we stated in our opinion that the evidence of guilt was "overwhelming, consisting of positive identification testimony by the victim and strong evidence corroborating her testimony." 295 N.W.2d at 593.

Criminal sexual conduct in the first degree, which is the more serious of the two offenses, is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time that petitioner committed the offenses in 1978, petitioner's criminal history score at the time of sentencing in 1979 would have been one. The presumptive term for a severity level VIII offense by a person with a criminal history score of one is 54 (50–58) months in prison. If petitioner were resentenced to the presumptive term he would be entitled to immediate release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism (in 1967 petitioner was convicted of manslaughter in the second degree and in 1975 he was convicted of a drug offense). Petitioner had the burden of overcoming the negative factors and proving that his early release from sentence would not endanger the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections. Affirmed.