**STATE of Minnesota, Respondent,**

v.

**Greg LEHMANN, Appellant.**

**No. C2–82–697.**

Supreme Court of Minnesota.

April 8, 1983.

C. Paul Jones, Public Defender, Larkin, Hoffman, Daly & Lindgren and Naomi M. Williamson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

Defendant, age 31, was charged in district court with two counts of criminal sexual conduct in the first degree, two counts of criminal sexual conduct in the second degree, one count of criminal sexual conduct in the third degree, one count of criminal sexual conduct in the fourth degree, and two counts of false imprisonment, all counts based on a single incident involving a 10-year-old girl. A district court jury found defendant guilty of all the charges. The trial court sentenced defendant to 113 months in prison, which is the presumptive sentence for criminal sexual conduct in the first degree (a severity level VIII offense) by a person with defendant's criminal history score (five). Pursuant to Minn.Stat. § 609.04 (1982), the trial court adjudicated defendant guilty only of the offense for which he sentenced defendant. On this appeal from judgment of conviction, defendant seeks an outright reversal on the basis of insufficiency of the evidence. Alternatively, he seeks a new trial on the ground that (a) the prosecutor committed misconduct by discouraging state witnesses from talking to defense counsel or a defense investigator and (b) his privately-retained trial counsel failed to represent him adequately. We affirm.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The victim's testimony was positive and was not significantly impeached. It was also corroborated in a number of significant ways, including medical testimony.

Defense counsel withdrew her claim that the prosecutor had discouraged state witnesses from talking with defense counsel or a defense investigator. The record on appeal fails to support the claim because, in fact, defense counsel did meet and talk with the witnesses.

Defendant's only other contention is that his privately-retained trial counsel failed to represent him effectively. As we indicated in *State v. Zernechel,* 304 N.W.2d 365, 367 (Minn.1981), "Generally, an appeal from a judgment of conviction, such as this, is not the most appropriate way of raising an issue concerning the effectiveness of the trial counsel's representation because we do not have the benefit of all the facts concerning why defense counsel did or did not do certain things." As in *Zernechel,* defendant nonetheless contends that the record on this appeal mandates the conclusion that his trial counsel failed to represent him effectively. We hold otherwise.

Affirmed.