STATE of Minnesota, Respondent,

v.

Douglas SVOBODA, Appellant.

No. C1-82-1307.

Supreme Court of Minnesota.

April 15, 1983.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree and was acquitted of a charge of simple robbery, both charges arising from the same behavioral incident. The trial court sentenced defendant to 95 months in prison, which is the presumptive sentence for the offense in question (a severity level VIII offense) by a person with defendant's criminal history score (four). On this appeal from judgment of conviction, defendant seeks a new trial, claiming (1) that the trial court erred prejudicially in refusing to give a specific instruction emphasizing that the state had to prove identification beyond a reasonable doubt and listing the factors that the jury should consider in evaluating eyewitness identification testimony, (2) that the trial court erred in refusing to admit evidence that a friend of complainant had contracted gonorrhea from her during an act of consensual sexual intercourse that occurred shortly before the rape but that defendant had later been tested and found not to have gonorrhea, and (3) that the trial court erred in denying a request for a continuance which was based on a claim that the state's disclosure of certain evidence was untimely. We affirm.

On the evening of February 15, 1982, complainant ate dinner with a friend at his residence in south Minneapolis, then had consensual sexual intercourse with him. At 1 a.m. on the 16th, 3 hours after the act of intercourse, she left this man's residence and began walking to her own residence, also in south Minneapolis, which she shared with another man. On the way home a man sexually assaulted her.

Complainant immediately contacted police, who returned with her to the scene of the rape to gather evidence and then took her to the hospital for a standard sexual assault examination.

At 3 a.m. on the 19th, 3 days after the assault, defendant, who fit the complainant's description of her assailant, was observed and stopped by police within one-half block of the scene of the rape. He voluntarily agreed to accompany the police to a nearby precinct station so that they could visually examine his left thigh to see if he had a blemish of some sort (described by complainant as a boil or a pimple). Police found a faint black and blue mark. Defendant, who gave a false first name and false date of birth, was then arrested.

Three days later a five-person lineup was held. Complainant positively identified defendant as the rapist. She later repeated this identification at trial, saying that she was "absolutely positive."

Blood samples obtained from defendant, complainant and the man with whom complainant had had consensual sexual intercourse were sent to the Bureau of Criminal Apprehension (BCA) for testing. Testing revealed that the rapist, who had deposited semen on a ribbon belonging to complainant, had a rare PGM blood type. Defendant, who had the same rare blood type, could not be excluded as a source of the semen.

Defendant called a number of witnesses to support his claim of alibi. However, the evidence was significantly impeached. Further, defendant's credibility was impeached by prior convictions.

■ 1. Defendant's first contention is that the trial court erred prejudicially in refusing to give a specific instruction emphasizing that the state had to prove identification beyond a reasonable doubt and listing the factors that the jury should consider in evaluating eyewitness identification testimony. Recently, in *State v. Rono,* 324 N.W.2d 197, 199 (Minn.1982), we stated, "In a close case in which identification is in issue, it might be prejudicial error for the trial court to refuse to specifically instruct the jury that identification must be proved beyond a reasonable doubt and to refuse to give a cautionary instruction specifying the factors to be used in evaluating eyewitness identification testimony." *See also State v. Helterbridle,* 301 N.W.2d 545 (Minn.1980); *State v. Christian,* 309 Minn. 393, 244 N.W.2d 284 (1976); *State v. Bishop,* 289 Minn. 188, 183 N.W.2d 536 (1971); and *State v. Burch,* 284 Minn. 300, 170 N.W.2d 543 (1969).

In this case our examination of the record convinces us that the defendant was not prejudiced by the trial court's refusal to give the requested instructions.

2. Defendant's next contention is that the trial court erred prejudicially in refusing to admit evidence indicating that the victim had venereal disease but that defendant did not.

Evidence of a venereal disease in a rape case is sometimes offered by the state, sometimes by the defense.

In *State v. Mason,* 152 Minn. 306, 189 N.W. 452 (1922), we ruled that it was not error to admit evidence that the defendant had a venereal disease and that the victim contracted the same disease when she was raped.

However, in *State v. Boerner,* 267 Minn. 539, 127 N.W.2d 555 (1964), we indicated that courts must be cautious about admitting evidence of this nature when it is offered by the state in a rape prosecution because of the potential for unfair prejudice.

In *State v. Dickson,* 297 Minn. 486, 209 N.W.2d 785 (1973), a rape case, we upheld the trial court's refusal to admit evidence of the defendant's venereal disease for the purpose of proving his innocence. We stated in relevant part:

Defendant, asserting that he suffered from gonorrhea, undertook to prove the medical probability that, if he had had sexual intercourse with the alleged victim, the disease would have been communicated to her. Defendant admitted that he had a steady girl friend with whom he cohabited and with whom he was frequently intimate but that she did not have the disease. There was never a definitive medical diagnosis that he had the disease, the evidence being only that when he complained of it during his pretrial confinement he was routinely treated with medication without any effort to fully diagnose his ailment. The physician who had prescribed the medication for defendant had testified at trial, but defense counsel did not put any such question to that witness. Instead, he tendered as a witness a young physician whose experience consisted of a 1-year internship following graduation from medical school and a 3-month residency in which he was exposed to 30 or 40 cases of venereal disease. The trial court ruled that the witness was not qualified as an expert to give that opinion. * * * We conclude that the trial court was not clearly wrong and, in any event, the ex-

cluded evidence was without prejudice under the circumstances.

297 Minn. at 486–487, 209 N.W.2d at 787.

In *Dickson* the defendant wanted to show that if he had raped the victim she would have contracted his venereal disease. In this case the defendant wanted to show that if he had raped the victim, he would have been exposed to venereal disease and that he did not have it, evidence which he claimed tended to prove that he had not raped her. Defendant claims that the trial court's ruling denied him his due process right to present evidence in his own defense.

█ Although a defendant has a right to present relevant evidence in his own defense, he has to comply with basic rules of foundation to establish the relevance and admissibility of the evidence, at least when opposing counsel objects. Defendant failed to do this. Accordingly, as in the *Dickson* case, the trial court did not err in excluding the evidence.

█ 3. Defendant's final contention is that the trial court erred in denying a defense request for a continuance based on the state's delay in disclosing information as to what test the BCA expert conducted on physical evidence sent to him for analysis.

Our examination of the record indicates that the prosecutor failed to make timely disclosure of the information. However, defendant has failed to establish that he was prejudiced by the delay or by the trial court's failure to grant his request for a continuance.

Affirmed.